## Howell v. Blaydes.

(Decided Dec. 15, 1933.)

J. BALLARD CLARK for appellant.

ROBERT T. CROWE for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing.

William B. Howell has filed here a copy of the pleadings, orders, and other papers in a proceeding wherein Dr. H. B. Blaydes recovered a $268 judgment against him, and has moved that he be granted an appeal.

Howell was agricultural agent for Oldham county, owned an automobile, and was insured against liability for injuries to others in the operation thereof by the State Farm Mutual Auto Insurance Company of, Bloomington, Ill.

On February 22, 1931, Alonzo Walker, a nine year old child, was struck and injured by this automobile. A suit for his injuries by the child against Howell, in the Oldham circuit court, was compromised and settled, by the terms of which settlement $1,500 was paid, for which an elaborate receipt to and release of Howell was executed containing this:

"The above settlement is to and does include all doctors bills, hospital bills and any and all other expenses of whatsoever nature, kind or description incurred by us or either of us, as a result of the aforementioned accident and injury and is to and does also include the cost of qualification of Statu-

tory Guardian herein and the administration of the settlement hereinabove set out.

"In testimony whereof, witness our signatures this the 9th day of March, 1932, at La Grange, Kentucky.

"H. B. Blaydes, Statutory Grdn. of Alonzo Walker, infant.

"Raymond Walker, Father and Natural Guardian of Alonzo Walker, infant.

"Minnie Walker, Mother and Natural Guardian of Alonzo Walker, infant."

On May 2, 1932, Dr. Blaydes began this action in that court against Howell and the insurance company, alleging therein that Howell had an accident when his said automobile, so insured with the defendant insurance company, struck a child named Alonzo Walker on the highway in Oldham county, Ky., and on the same day, immediately after the accident, defendant Howell brought said child to the office of plaintiff in La Grange, Ky., and employed the plaintiff to care for said child and render such medical and surgical aid as the child needed to insure the child's recovery. He says that the defendant Howell then and there assured plaintiff that his insurance policy with the defendant insurance company authorized him to employ surgical and medical aid in case of accidents, and that he and his insurance company would see that the bill was paid.

The demurrer of the insurance company to this petition was sustained and that of Howell was overruled; whereupon Howell filed three paragraphs of answer; the first being a general denial, the second a plea of settlement, in which he set up the above receipt and release; and in the third he asked judgment against Dr. Blaydes, as guardian of the child, for any sum that Dr. Blaydes individually might recover against Howell.

A demurrer was sustained to the second and third paragraphs of this answer, and they were dismissed, whereupon a trial was had which resulted in the judgment stated.

Demurrer to these paragraphs of answer should have been overruled. H. B. Blaydes, as physician and surgeon, necessarily knew everything that he was doing, as guardian, and, when this settlement was made, he knew no other physician or surgeon had attended this

child, and, by the very terms of it, that Howell and this insurance company were expecting this settlement to include the services Dr. Blaydes had rendered this child.

It is true the petition filed in the child's suit included no claim for physician's or surgeon's bill, but this settlement and release did, and Dr. Blaydes knew that, when he signed it, and if he intended to present a claim against Howell, it was his duty to say so then, and, having signed this release without saying anything, he is estopped to make such a claim now.

The question is, What was included in the settlement, not what was included in the child's suit?

Motion for appeal is sustained, and judgment reversed.