Michael A. VACKAR and Lisa
J. Vackar, Appellants,

v.

PATTERSON, BOYD, LOWERY, ADER-
HOLT & PETERSON, P.C., and Wil-
liam Boyd, Appellees.

No. 09–93–017 CV.

Court of Appeals of Texas,
Beaumont.

Dec. 16, 1993.

H. Victor Thomas, Bennett, Brocks, Baker & Lange, Houston, for appellants.

Iris Hefter Robinson, Gina Fantasia, Hirsch, Glover, Robinson & Sheiness, Houston, for appellees.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

This appeal follows a summary judgment in a suit arising from an execution upon a judgment. Wilcrest National Bank obtained a judgment against Michael Vackar. The validity of this judgment is not in dispute. Attorney William Boyd and his firm, Patterson, Boyd, Lowery, Aderholt & Petersen, P.C., represented the bank in its collection efforts on Vackar's debt. In the course of representing the bank, Boyd obtained an execution and levy, followed by a sheriff's sale, upon the property of Michael Vackar. The bank purchased the property at the sheriff's sale for $1,732.61. Consolidated Loan Services, Inc. acquired the bank's interest in the Vackar loan as part of a package of charged-off loans.

Michael Vackar and his wife Lisa sued Consolidated, Boyd, and Boyd's law firm, alleging that Boyd had executed upon their property knowing it was their homestead. The Vackar's pleaded as to all parties in trespass to try title and declaratory judgment, and action to remove cloud on title and to quiet title. Asserted only as to Boyd and his firm were tort allegations of negligent and intentional infliction of emotional distress, conversion, abuse of process, common law tortious collection practices, and constructive fraud. It appears that at some point the Vackars asserted some sort of claim for civil conspiracy, although we find no such allegations in their live pleadings.

The trial court signed an interlocutory judgment which decreed that the Vackars recover from Consolidated the title and exclusive possession in Unit 321, Building A, April Harbor Condominium Association. Boyd and the professional corporation filed a motion for summary judgment, on the grounds that they were entitled to judgment as a matter of law because the sheriff's deed was void as to the property owned by the Vackars. The sheriff's deed described "Unit 31" instead of "Unit 321." They also urged the Vackars could not maintain an action for abuse of process because there was no defect in the underlying judgment. They further maintained, in response to the constructive fraud claim, that all actions taken were taken to protect the rights of their client, and in response to the tortious collections claim urged that their conduct was not so outrageous as to be actionable. The Vackars' sole point of error urges the trial court erred in granting the motion for summary judgment.

A defendant is entitled to summary judgment only if the summary judgment proof establishes as a matter of law there is no genuine issue of material fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex.1970). The movant has the burden of establishing there is no genuine issue of fact and he is entitled to judgment as a matter of law; evidence favorable to the non-movant must be taken as true and any doubts or inferences resolved in the non-movant's favor. *Nixon v. Mr. Property Management*, 690 S.W.2d 546 (Tex. 1985).

The suit is based upon pursuit of execution against exempt property. In this case appellees contend they are entitled to judgment as a matter of law on all of the Vackars' claims because the sheriff's deed purported to convey Unit 31 and therefore did not and could not convey any interest in Unit 321. Since this is the only ground asserted as to several of the Vackars' claims, the judgment shall stand or fall on this single issue. We must accept as true Vackar's statement that the April Sound condominium was his homestead and that he so informed Boyd but that Boyd persisted in seeking execution on the Vackars' property. If the defect in the sheriff's deed does not preclude the Vackars' cause of

action, the summary judgment was improper regardless of whether Boyd's actions were in fact tortious.

We do not believe that the misdescription of the property precludes appellants from pursuing their cause of action. Our examination of the affidavits and attachments reveals that Boyd intended to have the sheriff execute upon the property actually owned by the Vackars, that being Unit 321, but that the request addressed to the sheriff stated the property was described as Unit 31. The sheriff's deed purports to convey all the interest of Michael Vackar in the described property. A letter from Consolidated to the Vackars' attorney states: "The bank obtained a judgement and foreclosed on Unit 321, Building A, April Harbor, Conroe, Texas in Montgomery County." Thus, Consolidated thought it had taken title to the property and certainly made such a claim to the Vackars. A title and lien search report from Montgomery County Title Co. on Unit 321 states: "Subject to a Sheriffs Deed dated January 5, 1990 ... wherein Unit 31, Building A, April Harbour was conveyed to Memorial Bank. We understand the legal should have been Unit 321, and deed states by virtue of an execution out of Cause No. 8750527, 113th Judicial District Harris County, Texas against Michael Vackar." Thus, it is apparent the conveyance, such as it was, affected the Vackars' title to Unit 321. From these documents and the Vackars' affidavits, it appears that the Vackars owned only one condominium unit in April Harbor, that Boyd's efforts were directed at obtaining title to that property but the property was described incorrectly when the sheriff was directed to execute to satisfy the judgment. The mistaken description may well have rendered the sheriff's deed a nullity, but the Vackars' cause of action does not depend upon an effective conveyance.

A homestead is exempt from forced sale, including execution, except as provided by TEX.CONST. art. XVI, § 50 and TEX.PROP. CODE ANN. § 41.001 (Vernon Supp.1993), and such a sale is void and subject to collateral attack. *Speer & Goodnight v. Sykes*, 102 Tex. 451, 119 S.W. 86 (1909); *Curtis Sharp Custom Homes, Inc. v. Glover*, 701 S.W.2d 24 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). A sheriff's deed to a homestead is a void conveyance, but that does not preclude the homeowner from suing the judgment creditor. *See Tarrant Bank v. Miller*, 833 S.W.2d 666 (Tex.App.—Eastland 1992, writ denied). We simply cannot accept appellees' argument their mistake in directing the sheriff to execute on a non-existent property not only nullifies the conveyance but also the Vackars' cause of action. Assuming the property was homestead, the sheriff's deed was a nullity in any event. We hold the appellees failed to establish they were entitled to judgment as a matter of law. Point of error one is sustained. We reverse the summary judgment and remand the cause to the trial court for further proceedings.

REVERSED AND REMANDED.