Opinion issued June 13, 2002

















In The

Court of Appeals

For The

First District of Texas






NO. 01-00-01033-CV

____________


MICHAEL VACKAR, Appellant


V.


MEMORIAL BANK f/k/a/ WILCREST NATIONAL BANK, Appellee






On Appeal from the 113th District Court

Harris County, Texas

Trial Court Cause No. 1987-50527






O P I N I O N

 Appellant, Michael Vacker, appeals the trial court's order granting scire facias
to revive a judgment against him and in favor of appellee, Old West Capital Co. (Old
West), as assignee of Memorial Bank, formerly known as Wilcrest National Bank. In
three points of error, Vackar contends the trial court erred in granting the motion to
revive the judgment because (1) Old West lacked standing to move for scire facias, (2)
the writ of execution upon which the motion was based had been held invalid by
another court, and (3) the motion for scire facias should have been barred by laches. 
We affirm.

Background

 On January 29, 1988, Wilcrest National Bank obtained a default judgment
against Vackar in the amount of $75,045.86. It further obtained an abstract of
judgment and sought a writ of execution. On October 30, 1989, the writ was executed
on appellant's property. The property was sold in December of 1989, and $1,185.39
was credited to principal and interest, $184.00 to court costs and $163.72 for additional
costs. Old West filed a motion to revive the judgment on April 19, 2000. 

Standing to Revive Judgment

 In his first point of error, Vackar contends the trial court erred because Old West
had no standing to move to revive the judgment. He claims Old West provided no
support for the assertion that it is the current owner and holder of the judgment as
assignee of Memorial Bank. The Texas Constitution requires the presence of a proper
party to raise issues before a court; therefore, standing is a threshold inquiry. M.D.
Anderson Cancer Ctr. v. Novak, 52 S.W.3d 704, 708 (Tex. 2001). 

 Old West filed its brief with an appendix containing an affidavit and record of
assignment as proof it is the current assignee of the judgment at issue. However, these
documents were not date-stamped by the trial court and did not appear in the clerk's
record provided to this Court. Old West subsequently filed a motion to supplement the
record with these documents, and the trial court determined that they constituted
accurate copies of items previously filed but missing from the court clerk's file. 

 Vackar subsequently filed a motion to strike any added facts not in evidence at
the original hearing on the motion for scire facias. Vackar asserted that the trial court
lacked jurisdiction to rule on Old West's motion because the case was now before this
Court. However, pursuant to Rule 34.5(e) of the Texas Rules of Appellate Procedure,
a trial court has the authority to determine, on a party's motion, that items identified in
the motion constitute an accurate copy of items missing from the clerk's record and
may order them to be included in a supplemental clerk's record. Tex. R. App. P.
34.5(e). Thus, the trial court did not exceed its authority in granting Old West's motion
to supplement the record with documents Old West asserted, by motion and affidavit,
were originally filed with the trial court.

 The affidavit and a record of assignment show the original default judgment was
assigned from Memorial Bank f/k/a Wilcrest National Bank to Consolidated Loan
Service, Inc. to Great Plains Capital Corporation and then to Old West, the current
owner and holder of the judgment made the subject of this lawsuit. These documents
were filed on July 31, 2000 before the trial court granted scire facias to revive the
judgment. The order granting scire facias states the trial court granted the motion
"after reviewing the documents on file," which included the documents showing Old
West was the assignee of the judgment. Thus, Old West, as owner and holder of the
judgment, had standing to move to revive the judgment. 

 We overrule Vackar's first point of error.

Revival of Judgment

 In his second point of error, Vackar contends the writ of execution, upon which
Old West's motion for scire facias was based, was subsequently invalidated in a
separate case he filed against the law firm which had been hired to collect the
judgment. Vackar argues the motion to revive the judgment was, therefore, untimely
under the statutory guidelines of Texas Civil Practice and Remedies Code, section
34.001, thus precluding the trial court's jurisdiction to revive the judgment. 

 Vackar refers us to Vackar v. Patterson, Boyd, Lowery, Anderholt & Peterson,
P.C., 866 S.W.2d 817 (Tex. App.--Beaumont 1993, no writ), in which a different trial
court held Vackar's suit against the law firm was not precluded by a misdescription in
a sheriff's deed conveying real property. (1) Contrary to Vackar's assertions, the
appellate court in that case did not hold the sheriff's deed was a nullity, nor did it hold
that the subject property was Vackar's homestead. The court merely held that Vackar's
action against the judgment creditor was not precluded and the law firm was not
entitled to judgment as a matter of law. Id. at 819. 

 Section 34.001 of the Civil Practice and Remedies Code states as follows: 

 (a) If a writ of execution is not issued within 10 years after the rendition
of a judgment of a court of record or a justice court, the judgment is
dormant and execution may not be issued on the judgment unless it is
revived.


 (b) If a writ of execution is issued within 10 years after rendition of a
judgment but a second writ is not issued within 10 years after issuance of
the first writ, the judgment becomes dormant. A second writ may be
issued at any time within 10 years after issuance of the first writ.


Tex. Civ. Prac. & Rem. Code Ann. § 34.001 (Vernon 1997). The writ of execution
was not invalidated by any court; therefore, the motion to revive the judgment was
brought within the statutory timeline. 

 Under section 31.006 of the Code, "[a] dormant judgment may be revived by
scire facias or by an action of debt brought not later than the second anniversary of the
date that the judgment becomes dormant." Id. at § 31.006 (Vernon 1997); Hicks v.
First Nat'l Bank in Dalhart, 778 S.W.2d 98, 100 (Tex. App.--Amarillo 1989, writ
denied). 

 Old West originally obtained a default judgment on January 29, 1988. The writ
of execution was issued well within the statutory 10-year period from the rendition of
judgment, on October 19, 1989. See Tex. Civ. Prac. & Rem. Code Ann. § 34.001. 
Because a second writ was not issued within 10 years after the issuance of the first writ,
the judgment became dormant on October 19, 1999. See id. at § 34.001(b). The
motion to revive the judgment, filed April 19, 2000, was made within the statutory two-year grace period following the date on which the judgment became dormant. See id.
at § 31.006. Revival of the judgment would not have been precluded by the statute
until October 19, 2001. 

 We overrule Vackar's second point of error.Laches

 In his third point of error, Vackar contends the trial court erred in reviving the
default judgment against him because Old West's motion should have been barred by
laches. Vackar argues principles of equity bar the motion because Old West was not
justified in waiting 12 years to execute on the judgment. This argument is based on the
premise that the writ of execution was held invalid by an appellate court. However, the
writ of execution was never invalidated; therefore, the judgment against Vackar was
properly and timely revived. 

 We overrule Vackar's third point of error.

Conclusion

 We affirm the judgment of the trial court.




 Terry Jennings

 Justice


Panel consists of Justices Mirabal, Hedges and Jennings.

Do not publish. Tex. R. App. P. 47.
1. Although undisputed by Old West, nothing in the record indicates the property
at issue in Vackar v. Patterson, 866 S.W.2d 817 (Tex. App.--Beaumont 1993,
no writ) is the same property at issue in the present case. We also have no
record of what occurred in that case on remand.