MEMORANDUM OPINION




No.04-03-00546-CV



Tomas LARES,

Appellant



v.



Ruben GARZA and Myrna GARZA,

Appellees



From the 111th Judicial District Court, Webb County, Texas 


Trial Court No. 2002-CVQ-001069-D2


Honorable Raul Vasquez, Judge Presiding



Opinion by: Phylis J. Speedlin, Justice


Sitting: Catherine Stone, Justice

 Sarah B. Duncan, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: March 24, 2004


AFFIRMED

 Tomas Lares ("Lares") appeals the judgment of the trial court awarding excess funds to
Ruben and Myrna Garza ( "the Garzas") derived from the tax foreclosure sale of his real property.
We affirm.

Background 

 After obtaining a judgment against Lares in a prior action, the Garzas filed a writ of
garnishment seeking the excess proceeds from the tax sale of Lares' property. (1) In response, Lares
filed a counterclaim for conversion, claiming the money was exempt from garnishment because the
proceeds were from the sale of his homestead. After a bench trial, the court determined the proceeds
were not exempt from garnishment because the property was not Lares' homestead. The court also
found Lares was not entitled to recover on his conversion counterclaim. The court entered findings
of fact and conclusions of law and ordered the $20,458.78 to be turned over to the Garzas. This
appeal followed. 

Analysis

 In his sole issue on appeal, Lares argues the evidence is factually insufficient to support the
trial court's finding that Lares failed to establish the property as his homestead. In a bench trial, the
trial court's findings have the same force and effect as a jury's verdict and are reviewed under the
traditional standards for factual sufficiency. Anderson v. City of Seven Points, 806 S.W.2d 791, 794
(Tex.1991). 

 In reviewing a factual sufficiency challenge, we consider all of the evidence. Maritime
Overseas Corp. v. Ellis, 971 S.W.2d 402, 406-07 (Tex. 1998). A judgment will be set aside only if
the evidence is so weak or is so against the great weight and preponderance that it is clearly wrong
and manifestly unjust. Id. at 407. Because the trier of fact is the sole judge of the witnesses'
credibility, we may not substitute our judgment for that of the trial court simply because we may
disagree with its findings. Herbert v. Herbert, 754 S.W.2d 141, 144 (Tex. 1988). The trial court is
free to accept or reject all or part of a witness's testimony. Pena v. Garza, 61 S.W.3d 529, 532 (Tex.
App.--San Antonio 2001, no pet.). 

1. Applicable Law Regarding Homestead Property

 A homestead is defined as a structure used as an individual's residence. See Tex. Tax Code
Ann. § 11.13(j) (Vernon Supp. 2004). It is exempt from forced sale, including execution, except for
certain encumbrances provided under article XVI, section 50 of the Texas Constitution and section
41.001 of the Texas Property Code. See Tex. Const. art. XVI, § 50; Tex. Prop. Code Ann. §
41.001 (Vernon Supp. 2004); see also Vackar v. Patterson, Boyd, Lowery, Aderholt & Peterson,
P.C., 866 S.W.2d 817, 819 (Tex. App.--Beaumont 1993, no writ) (judgment reversed where writ
was executed on a homestead, which qualified as exempt property under the Texas Property Code).
A homestead exemption can be claimed if the property is: 1) used strictly as a residence, or 2) used
as a residence and a business operating on the property. See Tex. Const. art. XVI, § 51; Tex. Prop.
Code Ann. § 41.002(a) (Vernon Supp. 2004). Additionally, section 41.003 of the Texas Property
Code states that the "temporary renting of the homestead does not change its character if the
homestead claimant has not acquired another homestead." Tex. Prop. Code Ann. § 41.003 (Vernon
Supp. 2004). To establish homestead rights, however, the claimant has the burden of proof to
establish overt acts of homestead usage consistent with his intent to use the property as his
homestead. Wilcox v. Marriot, 103 S.W.3d 469, 472 (Tex. App.--San Antonio 2003, pet. denied).
The mere filing of a homestead designation is insufficient by itself to establish a homestead as a matter
of law. See id. 


2. Circumstances Surrounding the Property at 1711 San Dario

 The parties do not dispute that Lares was the owner of the property located at 1711 San
Dario Avenue in Laredo, Texas from 1998 until 2002. It is also undisputed that a three-room, free-standing building exists on the property, serviced by water and utilities. Lares designated the
property as his homestead on March 7, 2002, after the Garzas' writ of execution issued and a sheriff's
sale was scheduled. On appeal, Lares maintains he established by a preponderance of the evidence
his use of the property as homestead and intent to claim the property as his homestead. 

 At trial, Lares testified that he resided on the property from November 1998 until June 2002
and that he also operated a used car lot on it from May 1999 until May 2001. He further testified
that, in January of 2002, he permitted the property to be used for a truck export business in exchange
for a percentage of their profits. Lares also leased the property to another individual who operated
a used car lot on the property for six months. Despite having owned other real property, Lares stated
that he had never claimed a homestead exemption for any previously owned property. 

 On cross examination, Lares testified he lived at his mother's house from June 2000 to the
present, contradicting his testimony on direct examination. He also testified he received his mail at
1711 San Dario, but did not receive the notice of the sheriff's sale explaining that the property was
to be sold pursuant to the writ of execution. When asked why he filed for the exemption, Lares
responded, "because I had a right to do so." The record reflects that after Lares was repeatedly cross
examined about his intentions, his attorney stipulated that the homestead exemption was filed after
the writ had issued. Only then did Lares testify he had, in fact, filed for an exemption because of the
writ. Additionally, Lares stated he considered the property his personal residence because he had
always lived there and it was his intention to live there in the future. When asked about the lack of
furnishings, Lares responded that except for a few items, he had given them away. After Lares was
asked where he bathed while living on San Dario since there was no shower or bathtub on the
property, he answered "outside...with a hose."

 Webb County Sheriff's Deputy Elizabeth Allen ("Allen") was in charge of seizing Lares'
property for sale pursuant to the writ of execution. Allen contacted the appraisal district to determine
if Lares owned property eligible for seizure and was informed that Lares was the owner of
unimproved, non-exempt acreage located at 1711 San Dario. Allen testified she sent two letters to
Lares at 1711 San Dario notifying him of the execution sale, but both were returned to her marked
"addressee unknown" and "unclaimed." In her additional efforts to contact Lares, Allen testified she
went to the property on San Dario several times to locate him, but was unsuccessful. She stated that
there was only a sofa, desk, and telephone, and it did not appear that anyone lived there. She further
stated there was no closet and no place to store food or pots and pans, and she did not recall seeing
a shower or microwave. She saw several trucks on the property and concluded it was being used as
commercial property. While attempting to execute the writ, Allen stated she spoke with individuals
working on the property who informed her that: 1) the property was a business, 2) the owner of the
property comes by "once in a while" to collect the rent, and 3) they did not know where the owner
lived. Allen opined the property was not Lares's personal residence, but a business which was the
sole occupant of the premises. Allen testified that on the day scheduled for the execution sale, she
was informed that it was postponed until further notice; however, she was not provided with an
explanation for the delay. 

 Sergio Delgado ("Delgado"), the Chief Appraiser for the Webb County Appraisal District,
testified that his records did not reflect the filing of a homestead exemption on the property located
at 1711 San Dario for the years 1998 through 2002. According to Delgado, Lares owned the
property as unimproved acreage. Delgado's records listed 2711 Santa Maria as Lares's mailing
address. (2) Delgado acknowledged that designating property as a homestead with the appraisal district
is not required by law, but is typically done to minimize tax liability. 

3. Application of Homestead Law

 Although the testimony establishes that a business was operating at 1711 San Dario, this alone
does not prevent Lares from claiming the property as his homestead. Lares was, however, required
to prove his actions and intent were consistent with the use of the property as his home and that he
properly filed for a homestead exemption.

 Lares argues his intent to use the property as his homestead was established by a
preponderance of the evidence. He points to his voluntary designation of the property as his
homestead with the county clerk, the absence of any statutory language that requires a homestead
property to be furnished, and the Garzas' request that the sheriff's sale be stopped after he filed for
a homestead exemption. The record, however, is devoid of any reasonable proof that Lares actually
lived on the property or intended to live on the property. Moreover, the record shows the Garzas
postponed the sheriff's sale not because they recognized the property was Lares' homestead, but to
investigate whether a homestead exemption actually applied given Lares's claim. 

 At trial, Lares gave conflicting testimony about whether he used and intended to use the
property as his homestead. Lares's actions, however, were not consistent with homestead use.
Because the ultimate issue turned on witness credibility, we may not substitute our judgment for that
of the trial court. Griffin Industries, Inc. v. The Honorable Thirteenth Court of Appeals, 934 S.W.2d
349, 357 (Tex. 1996). The trial court was entitled to reject all or part of Lares's testimony. See id.
at 355. The evidence supports the trial court's findings that Lares failed to prove his intent and actual
use of the property as a home. Accordingly, we overrule Lares's sole issue on appeal and affirm the
judgment of the trial court. (3) 


 Phylis J. Speedlin, Justice
1. The $20,458.78 was deposited in the registry of the 49th Judicial District Court, Webb County, Texas.
2. 2711 Santa Maria was the address of his mother's house.
3. Because we find the evidence was factually sufficient to support the trial court's finding that Lares did not
use the property as a homestead, we need not address Lares's counterclaim for conversion.