

# NUMBER 13-11-00327-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

BRADFORD M. CONDIT,                                                    Appellant,

v.

JIM KAELIN,                                                           Appellee.

## On appeal from the 117th District Court
## of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Vela
### Memorandum Opinion by Chief Justice Valdez

Appellant, Bradford M. Condit, appeals from the trial court's take nothing judgment in favor of appellee, Jim Kaelin, the Nueces County Sheriff.[1]  By six issues, Condit[2] contends the trial court erred by finding:  (1) that he did not incur any damages; (2) that he did not identify property subject to execution; (3) that the property he

---

[1] Sheriff Kaelin did not testify at the trial.

[2] Condit, an attorney, is pro se on appeal.

requested to be seized was exempt from execution; (4) that Deputy Jacobson did not file a false return; (5) that Deputy Jacobson did not refuse to levy a writ; and (6) that Deputy Jacobson acted in good faith. We affirm.

## I.  BACKGROUND

Condit secured a judgment against Marilyn McKeithan. Condit delivered a writ of execution to the Nueces County Sheriff's Department requesting that certain property belonging to Mckeithan be seized. After concluding that the property was a homestead and exempt, the Sheriff's Department returned the writ. Condit filed suit against Sheriff Kaelin claiming that Sheriff Kaelin had "refused to seize the non-exempt property."

After holding a trial, the trial court entered a take nothing judgment against Condit on April 20, 2011. Condit requested findings of fact and conclusions of law. The trial court made the following findings of fact that we have quoted from and summarized below.

On March 16, 2010, the clerk of the court issued a writ of execution upon a money judgment in trial court cause number 09-2260-B, in the 117th District Court of Nueces County, Texas. The officer was required to return the writ within ninety days. The judgment creditor, Condit, delivered the writ to the Nueces County Sheriff's Department on March 16 and requested that the officers execute solely on the following property: "Stonegate North Unit Two (2), Block Eleven (11), Lot Nine (9), City of Corpus Christi, Nueces County, Texas also known as: 5401 Flynn Parkway, Corpus Christi, Texas."

Upon receiving the writ and correspondence, the Sheriff's civil process division checked the Nueces County Appraisal District Records to verify ownership of the property. The appraisal district records confirmed that the property was owned by the

2

judgment debtor, McKeithan. The records further revealed that the property was subject to a homestead designation pursuant to the Texas Property Code section 41.005, voluntarily filed by McKeithan. *See* TEX. PROP. CODE ANN. § 41.005 (West 2000). The trial court also made a finding that "[i]t is the policy of the Nueces County Sheriff's Office not to levy on property that has been designated as homestead in the public records, absent a judicial determination that the real property is not, in fact, homestead, and is non-exempt."

Deputy Judy Jacobson attempted to locate McKeithan so that she could designate non-exempt property to be levied. However, Deputy Jacobson could not locate McKeithan at the Flynn Parkway address. Deputy Jacobson discovered from neighbors that McKeithan may have been staying with her daughter in another county.

Condit did not identify alternative property in Nueces County that could be levied. On March 23, 2010, the Sheriff's Office executed the writ, returning it "*Nulla Bona.*"[3] "Defendant's deputies executed the writ of execution in good faith." "Defendant did not fail to return the writ of execution and did not file a false return. Defendant did not refuse to levy under the writ." "Plaintiff did not suffer any actual damages."

The trial court made the following conclusions of law:

> 1. [Condit] did not identify property subject to execution owned by the judgment debtor as required by Section 34.065(b)(5) of the Texas Civil Practice and Remedies Code because property to be levied on is subject to execution if the judgment creditor proves that the judgment debtor owned the property at issue, the property was accessible to the officer under the law, the property was situated in the officer's county, and the property was not exempt from execution. [TEX. CIV. PRAC. & REM. CODE § 34.065(c) (West 2008)].

---

[3] Deputy Jacobson testified that this meant "there is no property that's available for seizure."

2.   The real property to be levied on was not subject to execution.  The property designated had been designated as a homestead and homestead property is not subject to execution.  *Vackar v. Patterson, Boyd, Lowery, Aderholt & Peterson, P.C.,* 866 S.W.2d 817, 817 (Tex. App.—Beaumont 1993, n.w.h.); [TEX. PROP. CODE. ANN.] § 41.001 [(West 2011)]; TEX. CONST. art. XVI, § 50.

3.   When the Plaintiff does not suffer damages, there is no liability under Section 34.065(b)(7) of the Texas Civil Practice and Remedies Code.

4.   When a reasonable prudent officer, under the same or similar circumstances, could have believed that the officers' conduct was justified based on the information the officers possessed when the conduct occurred, then the officer executed the writ in good faith.  [TEX. CIV. PRAC. & REM. CODE § 7.003(West Supp. 2011)]; *Kuo Kung Ko v. Pin Ya Chin*, 934 S.W. 2d 839 (Tex. App.—Houston [14th Dist.], no pet.) [(emphasis added)].

Condit objected to the trial court's findings of facts and conclusions of law.  In response, the trial court filed the following supplemental finding of fact.  "The court finds that at the time [Condit] requested the real property to be levied upon, the Nueces County Sheriff had no duty to seek a judicial finding or to make a determination whether the property had lost its homestead exemption status based on abandonment."[4]  The trial court made the following supplemental conclusions of law:  (1) "Based on the evidence presented at trial, the Court determined that the property was exempt from execution based on a homestead exemption and that at the time of execution the Sheriff had no evidence that the property had lost its homestead exemption status based on abandonment"; and (2) "On March 16, 2011, Sheriff Jim Kaelin had no legal duty to

---

[4] We need not determine whether the property had been abandoned for purposes of this appeal because there was no evidence that when the Sheriff's Office received the writ and returned it to Condit, they had been notified that the property had allegedly been abandoned.  *See* TEX. R. APP. P. 47.1.  Furthermore, the trial court stated that all of the evidence presented by Condit regarding McKeithan's alleged abandonment was made available to the sheriff after the fact.  Condit stated, "That is correct." The trial court stated that it was not admitting Condit's evidence regarding abandonment "on the case in chief, which is his motion for damages or the execution that occurred, or according to Mr. Condit, did not occur on March 16th of 2010."  Condit responded, "Yes, ma'am."

seek a judicial finding prior to execution of the writ that the property's homestead exemption had been lost due to abandonment." This appeal followed.

## I. THE SUFFICIENCY OF THE EVIDENCE SUPPORTING THE HOMESTEAD EXEMPTION

By six issues, Condit argues that several of the trial court's findings are erroneous. Sheriff Kaelin disagrees for a variety of reasons.

### A. Standard of Review

A legal sufficiency challenge may only be sustained when (1) the record discloses a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence establishes conclusively the opposite of a vital fact. *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998). When we conduct a legal sufficiency review, we view the evidence in a light most favorable to the judgment, and will indulge every reasonable inference that supports it to determine "whether the evidence at trial would enable [a] reasonable and fair-minded [fact-finder] to reach the [finding] under review." *City of Keller v. Wilson*, 168 S.W.3d 802, 822, 827 (Tex. 2005). We will credit favorable evidence if a reasonable fact-finder could, and disregard contrary evidence unless a reasonable fact-finder could not. *City of Keller*, 168 S.W.3d at 822, 827. If a party is attacking the legal sufficiency of an adverse finding on an issue on which the party had the burden of proof at trial, only if there is no evidence to support the trial court's finding, we will review all of the evidence to determine whether the contrary proposition is established as a matter of law. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001); *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989). In an appeal from a bench trial, we do not invade the fact-finding role of the trial

5

court, which alone determines the credibility of the witnesses, the weight to give their testimony, and whether to accept or reject all or any part of that testimony if the evidence falls within the zone of reasonable disagreement. *Nordstrom v. Nordstrom*, 965 S.W.2d 575, 580–81 (Tex. App.—Houston [1st Dist.] 1997, pet. denied).

When a party challenges the factual sufficiency of a finding on an issue upon which that party has the burden of proof, that party must demonstrate the adverse finding is against the great weight and preponderance of the evidence. *Dow Chem. Co.*, 46 S.W.3d at 242; *Austin v. Weems*, 337 S.W.3d 415, 427 (Tex. App.—Houston [1st Dist.] 2011, no pet.). We must consider and weigh all of the evidence and set aside a verdict only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Dow Chem. Co.*, 46 S.W.3d at 242; *Austin*, 337 S.W.3d at 427. The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Arrellano v. State Farm Fire & Cas. Co.*, 191 S.W.3d 852, 856 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

## B.    Failure to Levy or Sell

Condit cites section 34.065 of the Texas Civil Practice and Remedies Code claiming Deputy Jacobson failed or refused to levy on property that was subject to execution and the levy could have taken place. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 34.065. Condit had the burden of proving, among other things, that the property to be levied on was subject to execution and the officer refused to levy under the writ. *See id.* The property must not have been exempt from execution. *See id.*

In his brief, Condit first argues that the evidence is legally and factually insufficient to support the trial court's finding that he did not have any damages, he did

6

not identify property subject to execution, that the property at issue was exempt from execution, and that the deputy did not file a false return. All of these claims depend on the trial court's findings that, at the time of the execution of the writ, the property had been designated as a homestead and the Sheriff's Department had no duty to determine whether the homestead designation had been lost due to abandonment.

Evidence presented to the trial court regarding the property's status at the time that Deputy Jacobson attempted to execute the writ came from Deputy Jacobson and Captain Johnny Oleschlegel. Deputy Jacobson testified that when she received the writ, she discovered that the Flynn Parkway property was designated as a homestead. She further testified that it was not the department's duty to investigate whether the property had been abandoned. She stated that the department's only duty was to attempt to locate the property's owner pursuant to Texas Rule of Civil Procedure 637. *See* TEX. R. CIV. P. 637. Captain Oleschlegel, a supervisor for the civil processor division, who has worked for the Sheriff's Office for thirty-one years, testified that Deputy Jacobson followed the Sheriff's Department's customary practice by not executing the writ on the Flynn Parkway property because at the time execution was attempted, it was designated as a homestead in the appraisal records.

Viewing the evidence in a light most favorable to the judgment, we conclude that a reasonable and fair-minded fact-finder could have concluded that at the time that Deputy Jacobson attempted to execute the writ, the property was designated as a homestead and was exempt from levy. *See City of Keller*, 168 S.W.3d at 822, 827. Furthermore, considering all the evidence in the record, the trial court's finding that at the time that Deputy Jacobson attempted to issue the writ, the property was designated as a homestead and exempt from levy is not against the great weight and

7

preponderance of the evidence. *See Dow Chem. Co.*, 46 S.W.3d at 242; *Austin*, 337 S.W.3d at 427.

Moreover, on appeal, Condit does not challenge the trial court's conclusions of law that Sheriff Kaelin and the Sheriff's Department had no legal duty to seek a judicial finding or to make a determination prior to execution of the writ that the property's homestead exemption had been lost due to abandonment.[5] In addition, Condit has provided no legal authority and we find none and there is no evidence in the record that the department has such a duty. Accordingly, the trial court's take nothing judgment was proper in this case. We overrule Condit's six issues.

## II.   CONCLUSION

Having overruled all of Condit's issues, we affirm the trial court's judgment.

_____
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
16th day of August, 2012.

---

[5] Deputy Jacobson stated that she would levy on a homestead property if she had a court order "telling" her to do so. When asked if he would "levy on a particular property to be previously designated as a homestead" if provided with a court order, Captain Oleschlegel replied, "If I had a writ ordering me to seize a piece of property within the body of that writ, I would seize that property." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002 (West 2008).