**SAKOWITZ BROS. et al. v. McCORD.**
No. 11399.

Court of Civil Appeals of Texas. Galveston.

May 14, 1942.

Devereaux Henderson, of Houston, for appellants.

Henry E. Kahn and Ansel M. Kahn, both of Houston, for appellee.

MONTEITH, Chief Justice.

This is an action in trespass to try title brought by appellee, A. H. McCord, to recover the title and possession of Lots Nos. 8 and 9, in Block No. 8, Southwood Addition to the City of Houston, Texas, for damages, and for the cancellation of certain judgments, and the abstracts thereof, in favor of appellants, Sakowitz Bros. and Ralph Rupley, Inc., and other judgment creditors who have not appealed herein, in so far as they created a lien on said property and cast a cloud on appellee's title thereto.

Appellants answered by general demurrers and general and special denials. They pled the validity of said judgments and prayed that their liens be foreclosed against the property involved.

In a trial before the court, without a jury, judgment was rendered in favor of appellee for the title and possession of said premises against all defendants. The judgment ordered that all rights and interests claimed by defendants be divested out of them and be vested in appellee. Findings of fact and conclusions of law were filed by the trial court. They were excepted to by appellants.

The trial court found, on sufficient evidence, that the property in question had been purchased by Cecil C. King and his wife, Jewel M. King, in 1931, and that Cecil C. King, with his wife and their two daughters, aged respectively 12 and 14 years, had resided thereon continuously from the date of its acquisition until August, 1938, when Cecil C. King was enjoined from going on said premises by order of court in a divorce proceeding filed by his wife, and that Mrs. King and their two children had continued to reside thereon until the date of the trial.

The court found that on July 27, 1940, while said divorce proceeding was pending and while Mrs. King and her two minor children were occupying said premises as their homestead, Cecil C. King and Jewel M. King had transferred and assigned said property to appellee, A. H. McCord, the father of Mrs. Jewel M. King, for a good and valid consideration; that such sale was a bona fide sale, and that appellee was the sole and unconditional owner of said property.

On October 18, 1940, Mrs. Jewel M. King was awarded a divorce from Cecil C. King. She was awarded the care and custody of their two minor daughters.

On December 11, 1939, appellant, Ralph Rupley, Inc., obtained a judgment in the justice court of Harris County against C. C. King and Jewel M. King for the sum of $70, with costs of court, and on September 1, 1939, appellant, Sakowitz Bros., obtained a judgment against C. C. King and Jewel M. King for the sum of $197.79, together with costs of court. Both of said judgments were duly recorded in the Judgment Records of Harris County.

Appellants contend that the trial court erred in failing to hold, as a matter of law, that the filing of the divorce proceedings by Mrs. Jewel King and her act in causing her husband to be enjoined from using and occupying said property as his homestead constituted an abandonment by him of his homestead interest in the one-half undivided interest therein then vested in him, and that therefore appellee took title to his one-half undivided interest therein subject to the community debts, including the debts due appellants. This contention cannot be sustained.

Section 50 of Article 16 of the Constitution of the State of Texas, Vernon's Ann. St., exempts a homestead from forced sale "for the payment of all debts except for the purchase money thereof, or a part of such purchase money, the taxes due thereon, or for work and material used in constructing improvements thereon, and in this last case only when the work and material are contracted for in writing."

Under this provision of the constitution the homestead is protected to the surviving spouse against all creditors, and the heirs and survivor cannot be divested of their interests therein except by his or her voluntary action, such as an abandonment or some species of alienation. Posey v. Commercial National Bank et al., Tex.Com. App., 55 S.W.2d 515; McCusker v. Field, Tex.Civ.App., 76 S.W.2d 816.

Further, it is the settled law in this state that a homestead is to be regarded as an estate created not only for the protection of the family as a whole, but for the units of the family, including those who survive, whether a dissolution has been brought about by death or by dispersal, and that, when once the homestead comes into existence by reason of the family, composed of the father or mother and minor children, when once acquired and occupied by constituent members of the family, it is not defeated or lost while occupied by any con-

stituent members of the family. Woods v. Alvarado State Bank, 118 Tex. 586, 19 S.W.2d 35.

This rule applies with equal force where there has been a dissolution of the family by divorce where, at the time of the granting of the divorce, the homestead is occupied by constituent members of the family, including minor children.

This question was decided by the Supreme Court of the State of Texas in the case of Speer & Goodnight v. Sykes, 102 Tex. 451, 119 S.W. 86, 132 Am.St.Rep. 896, wherein it was held that, where the wife was granted a divorce and the custody of the minor children, and was also awarded one-half of the homestead and the use and control of the other half during the children's minority and the husband was enjoined and restrained from coming on or about the homestead, the divorce and the award of the children to the wife did not discharge the husband's moral and legal obligation to support his children or divest him of his homestead right as head of a family in the community homestead, but only suspended his right of possession during his wife's use of it to support the minor children.

In the case of Posey v. Commercial National Bank et al., Tex.Com.App., 55 S.W.2d 515, it was held that the husband's conveyance to his wife of a life estate in his interest in the community homestead did not constitute an abandonment by him of his homestead rights therein so as to subject his remainder to his debts.

In the instant case, it is undisputed that the property involved had been dedicated, used and occupied as a homestead by Mrs. King and their two minor daughters from 1931 up to the date of the trial. The only way for property to lose its homestead character after it has been dedicated as a homestead is by death, abandonment or alienation. The conveyance of the property involved herein to appellee was made while Mr. and Mrs. King were married, prior to the granting of the divorce, and while Mrs. King and their two daughters were occupying the premises as their homestead. Under this record we think that the property continued to be the homestead of the family until it was transferred to appellee by C. C. King and Jewel M. King on July 27, 1940, and that appellee acquired title thereto free of the judgment liens in favor of appellants.

Appellants contend that the conveyance by C. C. King and Jewel M. King of the property in question to appellee, as to Cecil M. King's one-half interest therein was fraudulent and void as to creditors under Articles 3996 and 3997, Revised Civil Statutes of 1925, Vernon's Ann.Civ.St. arts. 3996, 3997. Said Article 3996 provides that every gift, conveyance, assignment or transfer of real estate given with intent to hinder, delay or defraud creditors shall be void as to such creditors. Said Article 3997 provides that every gift, conveyance, assignment or transfer, which is not upon consideration deemed valuable in law, shall be void as to prior creditors, unless it appears that such debtor was then possessed of property within this state subject to execution sufficient to pay his existing debts.

This question has been decided by our Supreme Court contrary to appellants' contention in the case of Crow v. First National Bank of Whitney, Tex.Civ.App., 64 S.W.2d 377, writ of error refused, wherein it was expressly held that the wife's interest in homestead property was not subject to the payment of unsecured debts and that a conveyance thereof does not come within the purview of the statutes as to fraudulent conveyances. 20 Tex.Jur., 380.

Appellants' contention in this regard is also foreclosed by the finding of the trial court that the sale by Cecil C. King and Jewel M. King to appellee was bona fide and that it was made and founded upon a good and valuable consideration.

We have fully considered all other points presented in appellants' brief. Since none of them, in our opinion, show reversible error in the record, the judgment of the trial court will be in all things affirmed.

Affirmed.