**Mary Patricia TAYLOR, Appellant,**

v.

**MOSTY BROS. NURSERY, INC., Appellee.**

**No. 04–88–00339–CV.**

Court of Appeals of Texas, San Antonio.

Sept. 20, 1989.

Thomas S. Terrell, Kerrville, for appellant.

Richard C. Mosty, Wallace, Mosty, Machann, Jackson, P.C., et al., Kerrville, for appellee.

Before BUTTS, CHAPA and BIERY, JJ.

## OPINION

BIERY, Justice.

Mary Patricia Taylor brought suit against Mosty Bros. Nursery, Inc., a judgment creditor of her husband, Sidney Earl Taylor. Mary sought a declaration that Mosty's judgment lien was ineffective

against the Taylor homestead. The trial court found that, after Mosty obtained a judgment against him, Sidney abandoned his interest in the homestead by conveying his interest to Mary by deed dated April 17, 1987 and by leaving the State of Texas. The judgment of the trial court impresses in favor of Mosty Bros. Nursery, Inc. "a Constructive Trust in the amount of the Judgment rendered in Cause No. 85–37–A in the 216th Judicial District Court of Kerr County, Texas, against that part of the sale proceeds represented by Sid Taylor's interest conveyed by the Deed of April 17, 1987." The judgment of the trial court does not order a forced sale of the homestead property.

In her fourth and fifth points of error, Mary Taylor contends that there was no evidence and insufficient evidence to support the trial court's finding that Sid Taylor had abandoned his interest in the homestead. When addressing a no evidence point, we must consider only the evidence and inferences tending to support the finding and disregard all evidence and inferences to the contrary. *Alm v. Aluminum Co. of America,* 717 S.W.2d 588, 593 (Tex. 1986); *King v. Bauer,* 688 S.W.2d 845, 846 (Tex.1985). When reviewing an insufficient evidence point, however, we consider and weigh all the evidence; we set aside the finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986); *Dyson v. Olin Corp.,* 692 S.W.2d 456, 457 (Tex.1985).

■ To show abandonment of one's homestead interest, the party claiming abandonment must show, by clear, conclusive and undeniable evidence, that the homestead claimant moved with the intention of not returning to the property. *Bell v. Franklin,* 230 S.W. 181 (Tex.Civ.App.—San Antonio 1921, no writ); *West v. Austin National Bank,* 427 S.W.2d 906, 912 (Tex. Civ.App.—San Antonio 1968, writ ref'd n.r. e.).

■ The record reflects that Sid Taylor executed an unconditional deed of his interest in the homestead property to Mary Tay-lor, that he left the State of Texas and that he did not appear at trial to testify as to whether or not he had any intention of returning. Mary testified that she did not know whether Sid had any intention of returning. We hold that there was some evidence and sufficient evidence to support the trial court's finding of abandonment of the homestead interest owned by Sid Taylor. Points of error four and five are overruled.

In points of error one and two, Mary Taylor contends that the trial court erred in its conclusions of law that Sid Taylor, acting alone, abandoned a one-half interest in the homestead and that one-half of the proceeds from a sale of the homestead are subject to the Mosty judgment lien.

The Supreme Court of the United States in *United States v. Rodgers* summarizes the separate homestead right of each spouse as follows:

> The effect of these provisions in the Texas Constitution is to give each spouse in a marriage a separate and undivided possessory interest in the homestead, which is only lost by death or abandonment, and which may not be compromised either by the other spouse or by his or her heirs. It bears emphasis that the rights accorded by the homestead laws vest independently in each spouse regardless of whether one spouse, or both, actually owns the fee interest in the homestead. Thus, although analogy is somewhat hazardous in this area, it may be said the homestead laws have the effect of reducing the underlying *ownership* rights in a homestead property to something akin to *remainder* interests and vesting in each spouse an interest akin to an undivided life estate in the property.

*United States v. Rodgers,* 461 U.S. 677, 685–86, 103 S.Ct. 2132, 2138, 76 L.Ed.2d 236 (1983). (Emphasis added)

■ Thus, it is clear that Mary Taylor may reside in the subject property and that Mosty Bros. Nursery, Inc. cannot force a sale in order to reach any remainder interest proceeds belonging to Sid Taylor. If

Mary Taylor, however, voluntarily sells the subject property, we are presented with the issue of whether the Mosty Bros. lien attaches to any of the sale proceeds.

Section 41.001(c) of the Texas Property Code has the effect of giving homestead protection to the proceeds of a voluntary sale of a homestead for a period of six months after the date of the sale. Realizing that there might be instances in which a family would need to sell the family homestead, the Texas Legislature acted to preserve the homestead protection afforded by the Texas Constitution in such cases by exempting sale proceeds from creditors' claims for six months. *See* TEX.CONST. art. XVI, §§ 50–52, TEX.PROP.CODE § 41.001(c) (Vernon Supp.1989). The six-month provision was enacted in order that the proceeds might be reinvested in another homestead. *See Ingram v. Summers,* 29 S.W.2d 447, 450 (Tex.Cir.App.—El Paso 1930, writ dism'd).

■ We hold that the judgment of the trial court should provide that the entire proceeds of a voluntary sale of the subject property would be exempt from the judgment lien under § 41.001(c) of the Texas Property Code. The right to possession of the homestead, and to reinvest any proceeds from its sale within six months, remains in Mary Taylor.

In point of error number three, Mary Taylor asserts that the trial court should have awarded her attorney fees for the appeal of the trial court's judgment. Section 37.009 of the Texas Civil Practice and Remedies Code provides that in a proceeding for declaratory relief, the court *may* award costs and reasonable and necessary attorney fees as are equitable and just. TEX.CIV.PRAC. & REM.CODE § 37.009 (Vernon 1986). Thus, the trial court is invested with broad discretion which will not be disturbed on appeal unless there is a showing of a clear abuse of discretion. The record does not reflect any abuse of discretion. Point of error number three is overruled.

The judgment of the trial court is reformed to reflect that upon a sale of the subject property, Mary Taylor has the protection of § 41.001(c) of the Texas Property Code to the extent of the entire proceeds of the sale. As reformed, the judgment of the trial court is affirmed.