**Mary Lou WILCOX and Michael L. Roscom, Appellants,**

v.

**John T. MARRIOTT and Rebecca A. Marriott, Appellees.**

No. 04–02–00295–CV.

Court of Appeals of Texas, San Antonio.

Jan. 8, 2003.

**470**

Lester R. Buzbee, III, Humble, for appellants.

R. Dwayne Danner, Randal L. Telford, Irving, Robert Rosenquist, Assistant County Attorney, Conroe, for appellees.

Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice, SANDEE BRYAN MARION, Justice.

Opinion by: SANDEE BRYAN MARION, Justice.

Mary Lou Wilcox and Michael L. Roscom (the "Appellants") appeal the trial court's summary judgment granted in favor of the defendants, John T. Marriott and Rebecca A. Marriott (the "Marriotts").

The Appellants assert four issues on appeal, contending: (1) the trial court erred in granting summary judgment in favor of the Marriotts; (2) the trial court erred in denying the Appellants' motion for summary judgment; (3) the trial court erred in awarding attorney's fees to the Marriotts; and (4) the trial court erred in failing to grant attorney's fees to the Appellants. We sustain the Appellant's first issue, overrule the Appellants' second issue, and reverse the trial court's grant of summary judgment in favor of the Marriotts. Accordingly, we remand the case back to the trial court for further proceedings consistent with this opinion. Because of our holding, we do not reach the issue of attorney's fees. *See* TEX.R.APP. P. 47.1.

## BACKGROUND

In February 1999, Mary Lou Wilcox ("Mary Lou") and Michael Roscom ("Michael"), obtained a judgment against Daniel Roscom ("Daniel"), who is Michael's brother and not a party to this appeal. The Appellants recorded the abstract of judgment in the property records of Harris County and Montgomery County in August 1999. Several months later, on January 25, 2000, Daniel sold the real property [1] he owned in Montgomery County to the Marriotts for approximately $860,000. Daniel signed the warranty deed, but his wife did not. Prior to the sale, Daniel's wife signed a quitclaim deed of the property to Daniel and an affidavit stating the property was Daniel's separate property. On April 27, 2001, a year and three months after the property sale, Daniel executed an affidavit swearing that at

the time of the sale he did not claim the real property as exempt from any judgment or attachment lien. He further swore that at the time of the sale he did not claim the property as his homestead. Three days later, the Marriotts brought suit to remove the cloud on the title to their property.

On June 4, 2001, the Appellants moved for summary judgment, which the trial court denied. On February 12, 2002, the Marriotts filed their own motion for summary judgment contending that the property was not subject to the judgment lien because Daniel claimed the property as his homestead. The Appellants filed a response to the Marriotts' motion as well as a counter-motion for summary judgment. The trial court granted summary judgment in favor of the Marriotts, denied the counter-motion for summary judgment, and ordered the Appellants to pay attorney's fees of $9,000. The Appellants timely appealed both the denial [2] and granting of summary judgment.

## STANDARD OF REVIEW

■ Under traditional summary judgment standards, a defendant moving for summary judgment has the burden of establishing as a matter of law that no genuine issue of material fact exists as to one or more essential elements of the plaintiff's cause of action. *Casso v. Brand,* 776 S.W.2d 551, 556 (Tex.1989); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). If the defendant meets this burden, the plaintiff must then raise a genuine issue of material fact on that element. *Gonzalez v. City of Harlingen,* 814

---

1. The real property is located at 62 Grogans Point Road, Spring, Texas 77380, in Montgomery County, Texas. The Marriotts currently reside on the property and claim it as their homestead.

2. The Appellants' notice of appeal is not clear as to whether they are appealing the first denial of summary judgment or the denial of the counter-motion for summary judgment. Because the Appellants' complaints are the same in both motions, we will address the trial court's denial of both motions together.

S.W.2d 109, 112 (Tex.App.-Corpus Christi 1991, writ denied). In reviewing a summary judgment, an appellate court accepts as true all evidence supporting the non-movant. *Nixon,* 690 S.W.2d at 548–49. All inferences are indulged in favor of the non-movant, and all doubts are resolved in his favor. *Id.* at 549. "When both [parties] move for summary judgment and the trial court grants one motion but denies the other, the reviewing court should review both sides' summary judgment evidence, determine all questions presented, and render the judgment that the trial court should have rendered." *Holy Cross Church of God in Christ v. Wolf,* 44 S.W.3d 562, 566 (Tex.2001).

### DISCUSSION

The issue in the underlying dispute and on appeal is whether Daniel intended to claim the property as his "homestead" when he sold the property to the Marriotts. In their first and second issue, the Appellants argue that the trial court improperly granted the Marriotts' motion for summary judgment and improperly denied their own motion for summary judgment. The basis of the Appellants' argument is that Daniel did not claim the property as his homestead when he sold it to the Marriotts; therefore, the judgment lien properly attached to the property. The Appellants argue that at the very least, they raised a fact issue as to whether Daniel intended to claim the property as his homestead, thereby precluding summary judgment as a matter of law. Conversely, the Marriotts assert that summary judgment in their favor was proper because Daniel intended the property as his homestead at the time of sale. The Marriotts maintain, therefore, that the property was homestead at the time of sale and the judgment lien did not attach to the property.

### A. Homestead Law

Article 16, section 50(a) of the Texas Constitution provides that the homestead of a family is protected from forced sale or the payment of debts except for certain encumbrances attached to the property that are specifically enumerated, including: (1) purchase money, (2) ad valorem taxes, (3) an owelty partition order or agreement, (4) a refinanced lien against the homestead, (5) a lien used for new construction improvements, or (6) a credit extension. TEX. CONST. art. XVI, § 50. The "[p]ossession and use of land by one who owns it and who resides upon it makes it homestead in law and in fact." *NCNB Tex. Nat'l Bank v. Carpenter,* 849 S.W.2d 875, 880 (Tex.App.-Fort Worth 1993, no writ); *First Interstate Bank of Bedford v. Bland,* 810 S.W.2d 277, 283–84 (Tex.App.-Fort Worth 1991, no writ). A party claiming homestead protection has the burden to establish that the property is homestead. *Burk Royalty Co. v. Riley,* 475 S.W.2d 566, 568 (Tex.1972); *Lifemark Corp. v. Merritt,* 655 S.W.2d 310, 314 (Tex. App.-Houston [14th Dist.] 1983, writ ref'd n.r.e.). To establish homestead rights, a party must show "overt acts of homestead usage, and intention on the part of the owner to claim the property as homestead." *Lifemark,* 655 S.W.2d at 314. Once property has been dedicated as homestead, it can only lose such designation by abandonment, alienation, or death. *Garrard v. Henderson,* 209 S.W.2d 225, 229 (Tex.Civ.App.-Dallas 1948, no writ). After the party has established the homestead character of the property, the burden shifts to the creditor, or in this case the Appellants, to disprove the continued existence of the homestead. *Lifemark,* 655 S.W.2d at 314. In other words, a homestead is presumed to exist "until its termination is proved." *Id.* (citing *Sulli-*

*van v. Barnett,* 471 S.W.2d 39, 43 (Tex. 1971)).

Texas law is well settled that a judgment lien that has been properly abstracted cannot attach to a homestead as long as the property remains homestead. *The Cadle Co. v. Harvey,* 46 S.W.3d 282, 285 (Tex.App.-Fort Worth 2001, pet. denied). "A judgment debtor may sell it and pass title free of any judgment lien, and the purchaser may assert that title against the judgment creditor." *Id.* If the judgment debtor abandons the homestead property, however, the judgment lien attaches to the property. *Id.* In the instant case, if Daniel did not claim the property as his homestead prior to or at the time of sale, the judgment lien attached to the property, and it effectively passed with the property to the Marriotts. If, however, Daniel intended to claim the property as his homestead at the time of the sale, the judgment lien did not attach to the property sold to the Marriotts. As a result, the homestead property is protected from forced sale or foreclosure.

## B. Application

### 1. The Marriotts' Motion for Summary Judgment

In their first issue, the Appellants contend that the trial court improperly granted summary judgment in favor of the Marriotts because Daniel did not claim the property as his homestead at the time of sale. Because the evidence raised a fact issue regarding the homestead issue, we agree that the summary judgment was improperly granted.

To satisfy the homestead exemption, the Marriotts had the initial burden to show that Daniel not only used or resided on the property as his homestead, but also that he intended to claim the property as his homestead. The Marriotts met this initial burden by providing summary judgment evidence that Daniel used the property as his homestead because he lived on the property from 1994 until he sold the property to the Marriotts in January 2000. In addition, the Marriotts provided summary judgment evidence to show that Daniel intended to claim the property as his homestead because he had signed numerous documents in which he claimed the homestead exemption. First, Daniel applied for and received a homestead exemption on the property in early 1995. Second, Daniel completed a tax certificate for the year 1999, claiming a homestead exemption. Finally, on March 16, 1999, Daniel and his wife signed a Texas Home Equity loan in the amount of $568,750, which stated that they would occupy and use the property as their homestead and would continue to occupy the property as their homestead for at least one year after the date they signed the Security Agreement. In the Texas Home Equity Affidavit and Agreement attached to the home equity loan, Daniel and his wife signed and swore to the statement that unless the lender otherwise agreed in writing, Daniel and his wife would occupy the property as their homestead.

After the Marriotts met their summary judgment burden in establishing that the property was homestead, the burden shifted to the Appellants to prove that a fact issue existed as to whether Daniel intended to claim the property as his homestead at the time of sale. The Appellants contend that Daniel did not intend to claim the property as his homestead; therefore, the judgment lien attached to the property. To support their argument, the Appellants offered Daniel's own affidavit that he signed a year and three months after the property sale in which he states that he did not consider the property as his homestead at the time he sold the

property to the Marriotts. In his deposition testimony, Daniel stated that he stood by his affidavit and did not claim the property as his homestead at the time of sale. The Appellants also provide documentation that Daniel's wife signed a quitclaim deed and an affidavit claiming the property to be Daniel's separate property and then did not join in the sale.[3]

Looking at the record as a whole and viewed in the light most favorable to the non-movant, the trial court erred in granting summary judgment in favor of the Marriotts because the Appellants raised a fact issue as to whether Daniel intended to claim the property as his homestead at the time he sold the property to the Marriotts. The conflict between Daniel's affidavit and his home equity loan agreement and home equity affidavit, coupled with the fact that his wife did not join in the warranty deed to the Marriotts, raises a fact issue as to whether Daniel intended the property as his homestead at the time of the sale. Accordingly, we hold the trial court erred in granting summary judgment in favor of the Marriotts.

### 2. The Appellants' Motion for Summary Judgment

In their second issue, the Appellants contend that they were entitled to summary judgment as a matter of law because Daniel did not intend to claim the property as his homestead at the time of sale.

As we have stated above, a party claiming the homestead exemption must prove overt acts of usage and intention on the part of the owner to claim the homestead exemption. *Lifemark*, 655 S.W.2d at 314. After the Marriotts met their initial burden showing that Daniel claimed the property as his homestead, the burden shifted to the Appellants to show that a fact issue existed as to whether Daniel intended to claim the homestead exemption at the time of sale. *See id.* Although the Appellants raised a fact issue as to Daniel's intention, the Appellants further argue that they are entitled to summary judgment because Daniel's affidavit and testimony, as well as his wife's own testimony, is uncontroverted, direct, clear, and positive that Daniel did not intend to claim the property as his homestead at the time of sale. We disagree.

Under Texas law, "a summary judgment may be based on uncontroverted testimonial evidence of an interested witness ... if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." TEX.R. CIV. P. 166a(c); *see Patterson v. First Nat'l Bank of Lake Jackson*, 921 S.W.2d 240, 247 (Tex.App.-Houston [14th Dist.] 1996, writ denied) (holding that summary judgment was proper based on the uncontroverted affidavits of the interested witnesses who testified that the property was homestead). We determine whether the testimony of an interested witness is

---

**3.** Article 16, section 50 of the Texas Constitution provides that an owner of homestead property "may not sell or abandon the homestead without the consent" of both spouses. TEX. CONST. art. XVI, § 50. Pursuant to this provision, the legislature enacted Texas Family Code section 5.001, which provides that a spouse may not "sell, convey or encumber [a] homestead without the joinder of the other spouse" even if the homestead is the separate property of either spouse. TEX. FAM.CODE ANN.

§ 5.001 (Vernon 1998); *see Schmidt v. Schmidt*, 403 S.W.2d 531, 533 (Tex.Civ.App.-Waco 1966, no writ). If a spouse sells or conveys the homestead without the joinder of the other spouse, it is "merely inoperative while the property continues to be a homestead," the home is abandoned, or the deed is ratified. *Grissom v. Anderson*, 125 Tex. 26, 79 S.W.2d 619, 621 (1935); *Kunkel v. Kunkel*, 515 S.W.2d 941, 948 (Tex.Civ.App.-Amarillo 1974, writ ref'd n.r.e.).

sufficient to uphold a summary judgment on a case-by-case basis. *Lukasik v. San Antonio Blue Haven Pools, Inc.*, 21 S.W.3d 394, 399 (Tex.App.-San Antonio 2000, no pet.); TIMOTHY PATTON, SUMMARY JUDGMENTS IN TEXAS: PRACTICE, PROCEDURE AND REVIEW § 6.03[9][a], at 6–23 (2002). In addition, the record must not contain any facts or circumstances that would tend to discredit or impeach the witness's testimony. *Martin v. Cloth World of Tex., Inc.*, 692 S.W.2d 134, 136 (Tex.App.-Dallas 1985, writ ref'd n.r.e.); PATTON, § 6.03[9][a], at 6–23 (2002). "If the credibility of the affiant or deponent is likely to be a dispositive factor in the resolution of the case, then summary judgment is inappropriate." *Casso v. Brand*, 776 S.W.2d 551, 558 (Tex.1989); PATTON, § 6.03[9][a], at 6–24 (2002). Once the non-movant has controverted the interested witness's affidavit on a material issue by competent proof, the trial court must deny the motion for summary judgment. *See Ballis v. Urban Nat'l Bank*, 770 S.W.2d 590, 592 (Tex. App.-Houston [14th Dist.] 1989, no writ); PATTON, § 6.03[9][a], at 6–24 (2002).

In the instant case, the Appellants' summary judgment evidence is controverted by the Marriotts' summary judgment evidence as to whether Daniel intended to claim the property as his homestead at the time of sale. Daniel's affidavit and deposition testimony, as well as his wife's deposition testimony, is contradicted by their home equity loan agreement and the attached home equity affidavit. In Daniel's affidavit, signed a year and three months after the date of sale, he swears that he did not claim the homestead exemption on the property in question. In addition Daniel's wife testified at deposition that she did not consider the property as her homestead at the time of sale. However, Daniel and his wife both signed a home equity loan agreement and signed and swore to an affidavit stating they would occupy the property as their homestead for one year after the security agreement was signed. This means that they would use the property as their homestead from March 16, 1999 until March 16, 2000, two months after the property sale. The home equity agreement and affidavit conflicts with Daniel's affidavit and deposition testimony that he did not consider the property his homestead in January 2000. The home equity agreement and affidavit also contradicts Daniel's wife's testimony that she did not consider the property as her homestead. The conflict between Daniel's two sworn statements goes directly to the credibility of Daniel as an affiant, and raises a fact issue as to whether Daniel intended to claim the property as his homestead at the time of sale. Likewise, the contradiction between Daniel's wife's testimony and her home equity agreement and affidavit stating that she would occupy the property as her homestead for one year also raises an issue as to her credibility. Because the credibility of Daniel and his wife is likely to be the dispositive factor in the resolution of the case, summary judgment was inappropriate and should have been denied.

In both their pleadings and brief, the Marriotts argue that Daniel's affidavit was not a valid disclaimer of his homestead exemption and that the Appellants could not prove that Daniel abandoned the homestead. Because we find there is a genuine issue of material fact on whether Daniel did or did not intend the property to be his homestead when he sold it to the Marriotts, we do not address whether Daniel's affidavit constituted a valid disclaimer or whether he abandoned the homestead.

We hold the trial court did not err in denying the Appellants' motion for summary judgment because the Marriotts

raised a genuine issue of material fact that precluded judgment as a matter of law.

### CONCLUSION

Because the Appellants raised an issue of material fact as to whether Daniel intended to claim the property as his homestead when he sold it to the Marriotts, we reverse that portion of the trial court's judgment granting the Marriotts' motion for summary judgment, and we remand the cause back to the trial court for further proceedings consistent with this opinion. We affirm that portion of the trial court's judgment denying the Appellants' motion for summary judgment.