# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-06-00429-CV

**Fairfield Financial Group, Inc., Appellant**

**v.**

**Connie Synnott, Individually and as Trustee of the
Connie Synnott Revocable Living Trust, Appellee**

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
NO. D-1-GN-06-0032, HONORABLE WILLIAM E. BENDER, JUDGE PRESIDING

## O P I N I O N

Fairfield Financial Group, Inc. appeals from a judgment declaring that Connie Synnott's homestead is not subject to a judgment lien in connection with a separate judgment rendered solely against Glenn Synnott, her ex-husband. While married, the Synnotts bought the property in question and designated it as their homestead. Fairfield later obtained and abstracted a judgment against Glenn Synnott, individually. Although Glenn Synnott conveyed his interest to appellee pursuant to their divorce decree, Fairfield contends that his former ownership share in the form of a community interest in the property remains subject to Fairfield's judgment lien. Fairfield also contends that the trial court erred by denying its objection to the admissibility of Glenn Synnott's assertion in his affidavit that he continued to claim the property as his homestead during the pendency of the divorce action. Fairfield also asserts that the trial court erred by awarding

attorneys' fees to appellee because this suit was essentially a suit to quiet title rather than a true declaratory judgment action. We affirm.

The Synnotts purchased the house in Travis County in 1984. Fairfield obtained a judgment against Glenn Synnott and filed an abstract of that judgment in 1992. Appellee asserted without contradiction that the judgment debt is owed solely by Glenn Synnott. In the fall of 1997, Glenn Synnott moved out of the house to Hays County and filed for divorce. In late October 1997, his attorney drafted an Agreement Incident to Divorce that included the agreement that Glenn Synnott would convey his interest in the house to appellee. Although the contents of the draft agreement evolved over the next few months, the agreement regarding the house never changed. In January 1998, Glenn Synnott executed an Agreement Incident to Divorce, the court signed the decree, and then Glenn Synnott signed a special warranty deed conveying his interest in the property to appellee. By special warranty deed dated September 15, 1999, appellee conveyed the house to the Connie L. Synnott Revocable Trust. She lives in the house and claims it as her homestead.

Appellee filed this suit seeking a declaration that Fairfield has no interest in the property through a lien or otherwise. She also sought sanctions and attorneys' fees. The court declared that the property is "the homestead of Connie Synnott and . . . not subject to the judgment lien asserted by [Fairfield] arising out of the judgment obtained by it in Cause No. 91-13310." The

court awarded $15,915.82 for trial attorneys' fees, plus additional fees in the event of appellate procedures.[1] It did not award sanctions.

Fairfield asserts that the following portion of Glenn Synnott's affidavit should have been struck as improper summary judgment evidence: "[A]t all times prior to January 21, 1998, I considered the property as my homestead and continued to claim it as such, including with the local taxing authorities." Fairfield contends that this was inadmissible as a statement from an interested witness that was no more than an opinion, expression of belief, and a conclusion, citing *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996); *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984); and *Harley-Davidson Motor Co. v. Young*, 720 S.W.2d 211, 216 (Tex. App.—Houston [14th Dist.] 1986, no writ).

We review a trial court's rulings concerning the admission of summary judgment evidence under an abuse of discretion standard. *Wolfe v. C.S.P.H., Inc.*, 24 S.W.3d 641, 646 (Tex. App.—Dallas 2000, no pet.). Affidavits in support of summary judgment motions must be made on personal knowledge, set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated. Tex. R. Civ. P. 166a(f). The challenged statements by Glenn Synnott are statements of fact, not mere belief or opinion. In the challenged portion, he states that he considered the house his homestead and continued to claim it as such. He does not assert in the affidavit that he was correct to consider the house his homestead or to claim it as such. Whether he actually considered it his homestead and whether the underlying

---

[1] Judge Stephen Yelenosky ruled on the merits of the petition. Judge William E. Bender ruled on the attorneys' fees issue.

belief was well-founded and his actions proper and effective is a question for the courts. The trial court did not abuse its discretion by overruling this objection to this portion of his affidavit.

The core of Fairfield's appeal is its assertion that the summary judgment is erroneous because there is a genuine issue of material fact regarding whether Glenn Synnott abandoned the homestead, thereby allowing Fairfield's judgment lien to attach to his share of the community ownership of the house. To prevail, a summary-judgment movant must demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). We review the summary judgment de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004). We take all evidence favorable to the non-movant as true while deciding whether a disputed issue of material fact exists that would preclude summary judgment, and we indulge every reasonable inference and resolve any doubts in favor of the non-movant. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

Under Texas law, judgment liens that have been properly abstracted cannot attach to a homestead while that property remains a homestead. *Wilcox v. Marriott*, 103 S.W.3d 469, 473 (Tex. App.—San Antonio 2003, pet. denied); *see also Cadle Co. v. Harvey*, 46 S.W.3d 282, 285 (Tex. App.—Fort Worth 2001, pet. denied); *Barrera v. State*, No. 14-04-01030-CR, 2005 Tex. App. LEXIS 5634, at *18-19 (Tex. App.—Houston [14th Dist.] July 21,2005, pet. ref'd). This statement of the law differs from a previous interpretation by this Court. *See Exocet Inc. v. Cordes*, 815 S.W.2d 350, 352 (Tex. App.—Austin 1991, no writ) (concluding that recording and indexing of abstract of judgment perfected lien attached to homestead, although homestead remained exempt from foreclosure while homestead exemption remained in place). On reviewing the relevant

4

statutory and case law, however, we are compelled to revisit our previous interpretation. Constitutional homestead rights protect citizens from losing their homes, and statutes relating to homestead rights are liberally construed to protect the homestead. *Kendall Builders, Inc. v. Chesson*, 149 S.W.3d 796, 807 (Tex. App.—Austin 2004, pet. denied). Homestead rights have historically enjoyed great protection in our jurisprudence. *See id.* (citing *Mills v. Von Boskirk*, 32 Tex. 360, 362 (1869)). The property code states that a homestead is "exempt from seizure for the claims of creditors except for encumbrances properly fixed on homestead property." Tex. Prop. Code Ann. § 41.001(a) (West Supp. 2008). The code then lists the types of encumbrances that may be "properly fixed" upon homestead property, including those for mortgage financing for the property, taxes on the property, and improvements to the property. *Id.* § 41.001(b). The implication is that types of encumbrances not listed may not be "properly fixed" on homestead property. This interpretation is consistent with the holdings of other courts of appeals regarding the effect of the homestead exemption on most liens and provides greater protection to the homestead. *See Wilcox*, 103 S.W.3d at 473; *Harvey*, 46 S.W.3d at 285; *Barrera*, 2005 Tex. App. LEXIS 5634, at *18-19. We join these courts of appeals in holding that, other than the types listed in property code section 41.001(b), judgment liens that have been properly abstracted nevertheless cannot attach to a homestead while that property remains a homestead. Under this rule, a judgment debtor may sell property claimed as homestead and pass title free of any judgment lien, and the purchaser may assert that title against the judgment creditor. *Harvey*, 46 S.W.3d at 285. A judgment lien may attach to the judgment debtor's interest, however, if he abandons the property as his homestead while he owns it and while there is a properly abstracted judgment lien against him. *Id.*

5

Fairfield contends that Glenn Synnott abandoned his homestead interest and that Fairfield's lien attached to his ownership interest in the home before he transferred his ownership interest to appellee. Fairfield contends that there is at least a fact question regarding when Glenn Synnott abandoned his homestead interest. Thus, Fairfield contends, the trial court erred by granting summary judgment that appellee owns the property free from Fairfield's liens based on its judgment against Glenn Synnott.

We conclude, however, that the timing and effect of Glenn Synnott's actions are irrelevant because the property remained at all relevant times protected by appellee's undivided homestead interest in the property. Fairfield argues, correctly, that one spouse may abandon his homestead interest while his spouse retains her homestead interest. *See Taylor v. Mosty Bros. Nursery, Inc.*, 777 S.W.2d 568, 569 (Tex. App.—San Antonio 1989, no writ); *Julian v. Andrews*, 491 S.W.2d 721, 727 (Tex. Civ. App.—Fort Worth 1973, writ ref'd n.r.e.); *Sakowitz Bros. v. McCord*, 162 S.W.2d 437, 438-39 (Tex. Civ. App.—Galveston 1942, writ ref'd). The United States Supreme Court wrote that the Texas constitution gives:

> each spouse in a marriage a separate and undivided possessory interest in the homestead, which is only lost by death or abandonment, and which may not be compromised either by the other spouse or by his or her heirs. It bears emphasis that the rights accorded by the homestead laws vest independently in each spouse regardless of whether one spouse, or both, actually owns the fee interest in the homestead.

*United States v. Rodgers*, 461 U.S. 677, 685 (1983) (footnote omitted). Although a lien attaches

to property when it loses its homestead character,[2] the *Julian* and *Sakowitz* courts held that the

property is wholly exempt from the attachment of liens (other than those listed in property code

section 41.001(b)) so long as the remaining spouse retains her homestead interest. *Julian*,

491 S.W.2d at 727;[3] *Sakowitz*, 162 S.W.2d at 438-39.[4]  Therefore, because appellee retained her

homestead interest in the home, the trial court did not err by granting summary judgment and

---

[2]   *See Posey v. Commercial Nat'l Bank*, 55 S.W.2d 515 (Tex. Comm'n App. 1932, judgm't adopted).

[3]   In *Julian*, a husband abandoned his homestead interest in property while judgment liens were pending against him. *Julian v. V. A. Andrews*, 491 S.W.2d 721, 724 (Tex. Civ. App.—Texarkana 1973, writ ref'd n.r.e.). His wife retained her interest in the property and filed for divorce. *Id*. While the divorce was pending, a third party foreclosed on a mechanic's and materialman's lien on the property. *Id*. The mechanic's and materialman's lienholder then sold the property, after which the property was subdivided and one lot was sold to Eddie Julian. *Id*. at 724-25. At this point, the ex-husband notified Julian that liens based on judgments against him had attached to the property. *Id*. at 725. Ultimately, the court concluded that the husband's abandonment of the homestead had not allowed the third-party judgment liens to attach to the property while the wife still held her homestead interest. *Id*. at 727. Accordingly, title passed from the wife to the foreclosing lienholder and subsequent buyers unencumbered by the interest of those who held liens based on judgments against the husband. *Id*.

[4]   In *Sakowitz*, a wife's action in barring her husband from their homestead as prelude to divorce deprived him of his homestead rights, but did not expose his share of the property to liens based on the couple's personal debts. *Sakowitz Bros. v. McCord*, 162 S.W.2d 437, 438-39 (Tex. Civ. App.—Galveston 1942, writ ref'd). While the divorce action was pending, two creditors took judgments against the couple, and the couple sold the homestead to A. H. McCord. *Id*. at 438. McCord sued to have the couple's creditors' liens removed. *Id*. The court of appeals expressly rejected the proposition that the liens attached to the husband's non-homestead half interest, holding instead that the property retained its homestead character because the wife continued to live on the property as her homestead. *Id*. at 438-39. The wife's undivided homestead interest protected the entire property from forced sale for personal debts. *Id*. (citing *Crow v. First Nat'l Bank*, 64 S.W.2d 377, 379-80 (Tex. Civ. App.—Waco 1933, writ ref'd) (widow's homestead exemption was undivided and served to protect all of a 300-acre tract, even though she could only spare 200 acres from personal creditors)). The court of appeals concluded that McCord held title to the property and that the creditors did not have an interest in the property. *Id*. at 439.

7

declaring that Fairfield's lien based on its judgment against Glenn Synnott has not attached to the property at issue.

Fairfield relies heavily on the *Taylor* case for the contrary proposition. 777 S.W.2d at 569. In that case, after a nursery obtained a judgment against a husband, the husband abandoned his interest in the homestead by conveying it to his wife and leaving the state.[5] *Id*. While not ordering a sale of the property, the trial court placed a constructive trust on that part of any sale proceeds represented by the husband's interest conveyed to his wife. *Id*. The court of appeals modified the trial court's order by invoking the property code's homestead protections and declaring that, if the owner sold the property, she would have six months thereafter during which the proceeds would be exempt from execution by the nursery, and that she could reinvest the entire proceeds in a new homestead. *Id*. at 570; *see also* Tex. Prop. Code Ann. § 41.001(c) (West Supp. 2008). Fairfield argues that this holding shows that the proceeds would be subject to seizure thereafter, and that the property therefore was encumbered by the lien.

We do not share Fairfield's interpretation of the *Taylor* opinion. The court of appeals did not state that the creditor's lien attached to the property. Rather, the contrary is indicated. By statute, the proceeds from the sale of homestead property retain their exempt status for six months after a homestead is sold or transferred. *See* Tex. Prop. Code Ann. § 41.001(c). The proceeds will

---

[5] Although the court found that the husband abandoned his homestead interest, the facts indicate not mere abandonment but divestment of all interest. *Taylor v. Mosty Bros. Nursery, Inc.*, 777 S.W.2d 568, 569 (Tex. App.—San Antonio 1989, no writ). The opinion states, "Sidney abandoned his interest in the homestead by conveying his interest to Mary by deed dated April 17, 1987 and by leaving the State of Texas." Absent a fraudulent conveyance that can be set aside—not mentioned as an issue in the opinion—there is no ownership interest by the husband in the property to which the creditor's lien could properly attach.

8

continue to have exempt status if reinvested in a new homestead within the statutory time frame. *See id*. § 41.001. This suggests that a judgment lien does not attach to homestead property or its proceeds until it ceases being a homestead and the statutory time frame runs if it is sold. The court's judgment forbidding the creditor from pursuing the proceeds for six months and holding that the wife may invest all of the proceeds in a new homestead within six months under section 41.001(c) also strongly implies that a homestead exemption protected the entire property. Whether the creditor could seek to seize her unreinvested cash proceeds after six months does not bear on whether a lien attached to the real property. After six months, the cash is a non-exempt personal asset subject to execution by creditors of the cash's owner. We conclude that the court of appeals's application in *Taylor* of homestead protections to the wife and the entire proceeds from her sale of the property supports the view that the judgment lien against the husband did not attach to the homestead property.

Whether Glenn Synnott abandoned his homestead interest before divesting his ownership interest, it is undisputed that appellee had a homestead interest in the property. Her homestead interest protected the entire property, and the judgment liens did not attach to any portion of the property. The trial court did not err by granting appellee's motion for summary judgment and declaring that ownership of the property is unencumbered by Fairfield's lien.

Fairfield contends finally that the trial court erred by awarding attorneys' fees to appellee. Attorneys' fees are recoverable in declaratory judgment actions. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 2008). This suit was filed and adjudicated as a declaratory judgment action. Fairfield asserts that this suit is instead a suit to quiet title, to remove a cloud

9

on title, or for trespass to try title in which attorneys' fees are not recoverable, citing cases such as *John G. & Marie Stella Kennedy Mem'l Found. v. Dewhurst*, 90 S.W.3d 268, 289 (Tex. 2002), and *Sani v. Powell*, 153 S.W.3d 736 (Tex. App.—Dallas 2005, no pet.). The *Kennedy Foundation* case is distinguishable because it found attorneys' fees inappropriate because the declaratory relief requested was merely incidental to a dispute over title and those circumstances did not justify an award of attorneys' fees against the State. *Kennedy Foundation*, 90 S.W.3d at 289. This Court has previously distinguished *Sani* and similar cases, concluding that attorneys' fees are recoverable under the declaratory judgment act even when the effect of a declaration is to quiet title. *Florey v. Estate of Linda McConnell*, 212 S.W.3d 439, 449 (Tex. App.—Austin 2006, pet. denied). The central issue in *Florey* was whether the homestead interest was abandoned, thereby allowing a judgment lien to attach. *Id*. at 442-43. The trial court concluded that the homestead interest was in place when the owner executed a promissory note for attorneys' fees secured by a deed of trust on the homestead property, that such a note and deed of trust were not among the encumbrances that can be properly affixed to homestead property, and that the lien based on the deed of trust was invalid. *Id*. at 443. This Court affirmed that decision and further concluded that, even though the judgment had an effect similar to that of a suit to quiet title, the use of the declaratory judgment act was permissible as was the awarding of attorneys' fees based thereon. *Id*. at 448-49. This Court opined that the "ban" on awards of attorneys' fees in suits to quiet title might be limited to cases that were essentially trespass to try title suits. In this suit, the central question is whether the homestead had been abandoned such that an encumbrance other than one of those listed in property code section 41.001(b) could properly

10

be affixed on or attach to the property at issue. We conclude that this suit is substantially similar to *Florey* and, therefore, that attorneys' fees could properly be awarded in this suit. Fairfield has not demonstrated error in the trial court's award of attorneys' fees.[6]

Affirmed.

_____

G. Alan Waldrop, Justice

Before Justices Puryear, Waldrop and Henson

Affirmed

Filed: August 5, 2009

_____

[6] Fairfield does not challenge the amount of fees awarded, but merely whether attorneys' fees are permitted by law to be awarded in this suit.

11