TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00429-CV






Fairfield Financial Group, Inc., Appellant


v.


Connie Synnott, Individually and as Trustee of the

Connie Synnott Revocable Living Trust, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT

NO. D-1-GN-06-0032, HONORABLE WILLIAM E. BENDER, JUDGE PRESIDING




O P I N I O N



 Fairfield Financial Group, Inc. appeals from a judgment declaring that
Connie Synnott's homestead is not subject to a judgment lien in connection with a separate judgment
rendered solely against Glenn Synnott, her ex-husband. While married, the Synnotts bought the
property in question and designated it as their homestead. Fairfield later obtained and abstracted
a judgment against Glenn Synnott, individually. Although Glenn Synnott conveyed his interest to
appellee pursuant to their divorce decree, Fairfield contends that his former ownership share in
the form of a community interest in the property remains subject to Fairfield's judgment lien. 
Fairfield also contends that the trial court erred by denying its objection to the admissibility of
Glenn Synnott's assertion in his affidavit that he continued to claim the property as his homestead
during the pendency of the divorce action. Fairfield also asserts that the trial court erred by awarding
attorneys' fees to appellee because this suit was essentially a suit to quiet title rather than a true
declaratory judgment action. We affirm.

 The Synnotts purchased the house in Travis County in 1984. Fairfield obtained a
judgment against Glenn Synnott and filed an abstract of that judgment in 1992. Appellee asserted
without contradiction that the judgment debt is owed solely by Glenn Synnott. In the fall of 1997,
Glenn Synnott moved out of the house to Hays County and filed for divorce. In late October 1997,
his attorney drafted an Agreement Incident to Divorce that included the agreement that
Glenn Synnott would convey his interest in the house to appellee. Although the contents of the
draft agreement evolved over the next few months, the agreement regarding the house never
changed. In January 1998, Glenn Synnott executed an Agreement Incident to Divorce, the court
signed the decree, and then Glenn Synnott signed a special warranty deed conveying his interest
in the property to appellee. By special warranty deed dated September 15, 1999, appellee conveyed
the house to the Connie L. Synnott Revocable Trust. She lives in the house and claims it as
her homestead.

 Appellee filed this suit seeking a declaration that Fairfield has no interest in the
property through a lien or otherwise. She also sought sanctions and attorneys' fees. The court
declared that the property is "the homestead of Connie Synnott and . . . not subject to the judgment
lien asserted by [Fairfield] arising out of the judgment obtained by it in Cause No. 91-13310." The
court awarded $15,915.82 for trial attorneys' fees, plus additional fees in the event of appellate
procedures. (1) It did not award sanctions.

 Fairfield asserts that the following portion of Glenn Synnott's affidavit should
have been struck as improper summary judgment evidence: "[A]t all times prior to January 21,
1998, I considered the property as my homestead and continued to claim it as such, including with
the local taxing authorities." Fairfield contends that this was inadmissible as a statement from
an interested witness that was no more than an opinion, expression of belief, and a conclusion,
citing Ryland Group, Inc. v. Hood, 924 S.W.2d 120, 122 (Tex. 1996); Brownlee v. Brownlee,
665 S.W.2d 111, 112 (Tex. 1984); and Harley-Davidson Motor Co. v. Young, 720 S.W.2d 211, 216
(Tex. App.--Houston [14th Dist.] 1986, no writ).

 We review a trial court's rulings concerning the admission of summary judgment
evidence under an abuse of discretion standard. Wolfe v. C.S.P.H., Inc., 24 S.W.3d 641, 646
(Tex. App.--Dallas 2000, no pet.). Affidavits in support of summary judgment motions must be
made on personal knowledge, set forth such facts as would be admissible in evidence, and show
affirmatively that the affiant is competent to testify to the matters stated. Tex. R. Civ. P. 166a(f). 
The challenged statements by Glenn Synnott are statements of fact, not mere belief or opinion. In
the challenged portion, he states that he considered the house his homestead and continued to claim
it as such. He does not assert in the affidavit that he was correct to consider the house his homestead
or to claim it as such. Whether he actually considered it his homestead and whether the underlying
belief was well-founded and his actions proper and effective is a question for the courts. The
trial court did not abuse its discretion by overruling this objection to this portion of his affidavit.

 The core of Fairfield's appeal is its assertion that the summary judgment is erroneous
because there is a genuine issue of material fact regarding whether Glenn Synnott abandoned
the homestead, thereby allowing Fairfield's judgment lien to attach to his share of the community
ownership of the house. To prevail, a summary-judgment movant must demonstrate that there is
no genuine issue of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ.
P. 166a(c). We review the summary judgment de novo. Joe v. Two Thirty Nine Joint Venture,
145 S.W.3d 150, 156 (Tex. 2004). We take all evidence favorable to the non-movant as true while
deciding whether a disputed issue of material fact exists that would preclude summary judgment,
and we indulge every reasonable inference and resolve any doubts in favor of the non-movant. 
Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985).

 Under Texas law, judgment liens that have been properly abstracted cannot attach to
a homestead while that property remains a homestead. Wilcox v. Marriott, 103 S.W.3d 469, 473
(Tex. App.--San Antonio 2003, pet. denied); see also Cadle Co. v. Harvey, 46 S.W.3d 282, 285
(Tex. App.--Fort Worth 2001, pet. denied); Barrera v. State, No. 14-04-01030-CR, 2005 Tex. App.
LEXIS 5634, at *18-19 (Tex. App.--Houston [14th Dist.] July 21,2005, pet. ref'd). This statement
of the law differs from a previous interpretation by this Court. See Exocet Inc. v. Cordes, 815
S.W.2d 350, 352 (Tex. App.--Austin 1991, no writ) (concluding that recording and indexing of
abstract of judgment perfected lien attached to homestead, although homestead remained exempt
from foreclosure while homestead exemption remained in place). On reviewing the relevant
statutory and case law, however, we are compelled to revisit our previous interpretation. 
Constitutional homestead rights protect citizens from losing their homes, and statutes relating to
homestead rights are liberally construed to protect the homestead. Kendall Builders, Inc. v. Chesson,
149 S.W.3d 796, 807 (Tex. App.--Austin 2004, pet. denied). Homestead rights have historically
enjoyed great protection in our jurisprudence. See id. (citing Mills v. Von Boskirk, 32 Tex. 360, 362
(1869)). The property code states that a homestead is "exempt from seizure for the claims of
creditors except for encumbrances properly fixed on homestead property." Tex. Prop. Code Ann.
§ 41.001(a) (West Supp. 2008). The code then lists the types of encumbrances that may be "properly
fixed" upon homestead property, including those for mortgage financing for the property, taxes on
the property, and improvements to the property. Id. § 41.001(b). The implication is that types of
encumbrances not listed may not be "properly fixed" on homestead property. This interpretation is
consistent with the holdings of other courts of appeals regarding the effect of the homestead
exemption on most liens and provides greater protection to the homestead. See Wilcox, 103 S.W.3d
at 473; Harvey, 46 S.W.3d at 285; Barrera, 2005 Tex. App. LEXIS 5634, at *18-19. We join these
courts of appeals in holding that, other than the types listed in property code section 41.001(b),
judgment liens that have been properly abstracted nevertheless cannot attach to a homestead while
that property remains a homestead. Under this rule, a judgment debtor may sell property claimed
as homestead and pass title free of any judgment lien, and the purchaser may assert that title against
the judgment creditor. Harvey, 46 S.W.3d at 285. A judgment lien may attach to the judgment
debtor's interest, however, if he abandons the property as his homestead while he owns it and while
there is a properly abstracted judgment lien against him. Id.

 Fairfield contends that Glenn Synnott abandoned his homestead interest and that
Fairfield's lien attached to his ownership interest in the home before he transferred his ownership
interest to appellee. Fairfield contends that there is at least a fact question regarding when
Glenn Synnott abandoned his homestead interest. Thus, Fairfield contends, the trial court erred by
granting summary judgment that appellee owns the property free from Fairfield's liens based on its
judgment against Glenn Synnott.

 We conclude, however, that the timing and effect of Glenn Synnott's actions are
irrelevant because the property remained at all relevant times protected by appellee's undivided
homestead interest in the property. Fairfield argues, correctly, that one spouse may abandon his
homestead interest while his spouse retains her homestead interest. See Taylor v. Mosty Bros.
Nursery, Inc., 777 S.W.2d 568, 569 (Tex. App.--San Antonio 1989, no writ); Julian v. Andrews,
491 S.W.2d 721, 727 (Tex. Civ. App.--Fort Worth 1973, writ ref'd n.r.e.); Sakowitz Bros.
v. McCord, 162 S.W.2d 437, 438-39 (Tex. Civ. App.--Galveston 1942, writ ref'd). The United
States Supreme Court wrote that the Texas constitution gives:


 each spouse in a marriage a separate and undivided possessory interest in the
homestead, which is only lost by death or abandonment, and which may not be
compromised either by the other spouse or by his or her heirs. It bears emphasis that
the rights accorded by the homestead laws vest independently in each spouse
regardless of whether one spouse, or both, actually owns the fee interest in the
homestead.


United States v. Rodgers, 461 U.S. 677, 685 (1983) (footnote omitted). Although a lien attaches
to property when it loses its homestead character, (2) the Julian and Sakowitz courts held that the
property is wholly exempt from the attachment of liens (other than those listed in property code
section 41.001(b)) so long as the remaining spouse retains her homestead interest. Julian,
491 S.W.2d at 727; (3) Sakowitz, 162 S.W.2d at 438-39. (4) Therefore, because appellee retained her
homestead interest in the home, the trial court did not err by granting summary judgment and
declaring that Fairfield's lien based on its judgment against Glenn Synnott has not attached to the
property at issue.

 Fairfield relies heavily on the Taylor case for the contrary proposition. 777 S.W.2d
at 569. In that case, after a nursery obtained a judgment against a husband, the husband abandoned
his interest in the homestead by conveying it to his wife and leaving the state. (5) Id. While not
ordering a sale of the property, the trial court placed a constructive trust on that part of any
sale proceeds represented by the husband's interest conveyed to his wife. Id. The court of appeals
modified the trial court's order by invoking the property code's homestead protections and declaring
that, if the owner sold the property, she would have six months thereafter during which the proceeds
would be exempt from execution by the nursery, and that she could reinvest the entire proceeds in a
new homestead. Id. at 570; see also Tex. Prop. Code Ann. § 41.001(c) (West Supp. 2008). Fairfield
argues that this holding shows that the proceeds would be subject to seizure thereafter, and that the
property therefore was encumbered by the lien.

 We do not share Fairfield's interpretation of the Taylor opinion. The court of appeals
did not state that the creditor's lien attached to the property. Rather, the contrary is indicated. By
statute, the proceeds from the sale of homestead property retain their exempt status for six months
after a homestead is sold or transferred. See Tex. Prop. Code Ann. § 41.001(c). The proceeds will
continue to have exempt status if reinvested in a new homestead within the statutory time frame. 
See id. § 41.001. This suggests that a judgment lien does not attach to homestead property or its
proceeds until it ceases being a homestead and the statutory time frame runs if it is sold. The court's
judgment forbidding the creditor from pursuing the proceeds for six months and holding that the wife
may invest all of the proceeds in a new homestead within six months under section 41.001(c)
also strongly implies that a homestead exemption protected the entire property. Whether the creditor
could seek to seize her unreinvested cash proceeds after six months does not bear on whether
a lien attached to the real property. After six months, the cash is a non-exempt personal asset
subject to execution by creditors of the cash's owner. We conclude that the court of appeals's
application in Taylor of homestead protections to the wife and the entire proceeds from her sale
of the property supports the view that the judgment lien against the husband did not attach to the
homestead property.

 Whether Glenn Synnott abandoned his homestead interest before divesting
his ownership interest, it is undisputed that appellee had a homestead interest in the property. Her
homestead interest protected the entire property, and the judgment liens did not attach to any portion
of the property. The trial court did not err by granting appellee's motion for summary judgment and
declaring that ownership of the property is unencumbered by Fairfield's lien.

 Fairfield contends finally that the trial court erred by awarding attorneys' fees
to appellee. Attorneys' fees are recoverable in declaratory judgment actions. See Tex. Civ. Prac.
& Rem. Code Ann. § 37.009 (West 2008). This suit was filed and adjudicated as a declaratory
judgment action. Fairfield asserts that this suit is instead a suit to quiet title, to remove a cloud
on title, or for trespass to try title in which attorneys' fees are not recoverable, citing cases such
as John G. & Marie Stella Kennedy Mem'l Found. v. Dewhurst, 90 S.W.3d 268, 289 (Tex. 2002),
and Sani v. Powell, 153 S.W.3d 736 (Tex. App.--Dallas 2005, no pet.). The Kennedy Foundation
case is distinguishable because it found attorneys' fees inappropriate because the declaratory relief
requested was merely incidental to a dispute over title and those circumstances did not justify an
award of attorneys' fees against the State. Kennedy Foundation, 90 S.W.3d at 289. This Court has
previously distinguished Sani and similar cases, concluding that attorneys' fees are recoverable under
the declaratory judgment act even when the effect of a declaration is to quiet title. Florey v. Estate
of Linda McConnell, 212 S.W.3d 439, 449 (Tex. App.--Austin 2006, pet. denied). The central issue
in Florey was whether the homestead interest was abandoned, thereby allowing a judgment lien to
attach. Id. at 442-43. The trial court concluded that the homestead interest was in place when the
owner executed a promissory note for attorneys' fees secured by a deed of trust on the homestead
property, that such a note and deed of trust were not among the encumbrances that can be properly
affixed to homestead property, and that the lien based on the deed of trust was invalid. Id. at 443. 
This Court affirmed that decision and further concluded that, even though the judgment had an effect
similar to that of a suit to quiet title, the use of the declaratory judgment act was permissible as was
the awarding of attorneys' fees based thereon. Id. at 448-49. This Court opined that the "ban" on
awards of attorneys' fees in suits to quiet title might be limited to cases that were essentially trespass
to try title suits. In this suit, the central question is whether the homestead had been abandoned such
that an encumbrance other than one of those listed in property code section 41.001(b) could properly
be affixed on or attach to the property at issue. We conclude that this suit is substantially similar to
Florey and, therefore, that attorneys' fees could properly be awarded in this suit. Fairfield has not
demonstrated error in the trial court's award of attorneys' fees. (6)

 Affirmed.



 

 G. Alan Waldrop, Justice

Before Justices Puryear, Waldrop and Henson

Affirmed

Filed: August 5, 2009
1. Judge Stephen Yelenosky ruled on the merits of the petition. Judge William E. Bender
ruled on the attorneys' fees issue.
2. See Posey v. Commercial Nat'l Bank, 55 S.W.2d 515 (Tex. Comm'n App. 1932,
judgm't adopted).
3. In Julian, a husband abandoned his homestead interest in property while judgment
liens were pending against him. Julian v. V. A. Andrews, 491 S.W.2d 721, 724 (Tex. Civ.
App.--Texarkana 1973, writ ref'd n.r.e.). His wife retained her interest in the property and filed
for divorce. Id. While the divorce was pending, a third party foreclosed on a mechanic's and
materialman's lien on the property. Id. The mechanic's and materialman's lienholder then sold
the property, after which the property was subdivided and one lot was sold to Eddie Julian. Id.
at 724-25. At this point, the ex-husband notified Julian that liens based on judgments against
him had attached to the property. Id. at 725. Ultimately, the court concluded that the husband's
abandonment of the homestead had not allowed the third-party judgment liens to attach to the
property while the wife still held her homestead interest. Id. at 727. Accordingly, title passed from
the wife to the foreclosing lienholder and subsequent buyers unencumbered by the interest of those
who held liens based on judgments against the husband. Id.
4. In Sakowitz, a wife's action in barring her husband from their homestead as prelude
to divorce deprived him of his homestead rights, but did not expose his share of the property to
liens based on the couple's personal debts. Sakowitz Bros. v. McCord, 162 S.W.2d 437, 438-39
(Tex. Civ. App.--Galveston 1942, writ ref'd). While the divorce action was pending, two creditors
took judgments against the couple, and the couple sold the homestead to A. H. McCord. Id. at 438. 
McCord sued to have the couple's creditors' liens removed. Id. The court of appeals expressly
rejected the proposition that the liens attached to the husband's non-homestead half interest, holding
instead that the property retained its homestead character because the wife continued to live
on the property as her homestead. Id. at 438-39. The wife's undivided homestead interest protected
the entire property from forced sale for personal debts. Id. (citing Crow v. First Nat'l Bank,
64 S.W.2d 377, 379-80 (Tex. Civ. App.--Waco 1933, writ ref'd) (widow's homestead exemption
was undivided and served to protect all of a 300-acre tract, even though she could only spare
200 acres from personal creditors)). The court of appeals concluded that McCord held title to the
property and that the creditors did not have an interest in the property.  Id. at 439.
5. Although the court found that the husband abandoned his homestead interest, the
facts indicate not mere abandonment but divestment of all interest. Taylor v. Mosty Bros. Nursery,
Inc., 777 S.W.2d 568, 569 (Tex. App.--San Antonio 1989, no writ). The opinion states, "Sidney
abandoned his interest in the homestead by conveying his interest to Mary by deed dated April 17,
1987 and by leaving the State of Texas." Absent a fraudulent conveyance that can be set aside--not
mentioned as an issue in the opinion--there is no ownership interest by the husband in the property
to which the creditor's lien could properly attach.
6. Fairfield does not challenge the amount of fees awarded, but merely whether attorneys' fees
are permitted by law to be awarded in this suit.