

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00725-CV

Maria Cipriana **GALINDO** and Carolina Galindo,
Appellants

v.

**BORDER FEDERAL CREDIT UNION**,
Appellee

From the 63rd Judicial District Court, Val Verde County, Texas
Trial Court No. 27182
Honorable Carl Pendergrass, Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:     Catherine Stone, Chief Justice
     Marialyn Barnard, Justice
     Luz Elena D. Chapa, Justice

Delivered and Filed:  May 15, 2013

AFFIRMED

Maria Cipriana Galindo and Carolina Galindo filed a lawsuit seeking to prevent Border

Federal Credit Union from foreclosing on a lien against a tract of real property which Maria

claimed was her homestead.  BFCU filed a motion for summary judgment which contained both

traditional and no-evidence grounds.  The trial court granted a summary judgment in favor of

BFCU.  Although the trial court did not specify the grounds for its summary judgment, it noted

that the situation giving rise to the underlying cause involves a son who "has basically defrauded

his own mother to obtain" money.  We also are sympathetic with Maria's plight.  As an appellate

court constrained by the applicable law, however, we must hold the evidence conclusively established that the property in question was not Maria's homestead when BFCU was granted a lien on the property; therefore, Maria lacked standing to challenge the validity of the lien. Accordingly, we affirm the trial court's judgment.

## BACKGROUND

In the 1970's Maria and her husband, Arturo Galindo, Sr., purchased a house and real property located at 313 Pulliam in Del Rio, Texas (the "property"). Arturo died in 1998, and Maria continued to live on the property until March of 2006.

On September 12, 2003, Maria signed a warranty deed conveying the property to Mario. The deed was promptly recorded of record.

On May 27, 2005, Mario and his wife borrowed $90,000 from BFCU, and Mario executed a deed of trust granting BFCU a lien on the property as security for the loan. Because the loan transaction involved a home equity loan, Mario and his wife also executed a voluntary designation of homestead, designating the property as their homestead. Mario and his wife subsequently defaulted on the loan, spawning three separate lawsuits.

In the first lawsuit, Maria sued Mario, contending the deed was not intended to convey title to the property, but was intended to assist Mario in obtaining a loan for his brother. When Mario failed to respond to Maria's motion for summary judgment, the trial court granted summary judgment in Maria's favor, concluding that fee simple title to the property was vested in Maria as a matter of law.

In the second lawsuit, BFCU sued Mario to foreclose on the lien. BFCU obtained a judgment in its favor.

In the third lawsuit, which is the cause underlying this appeal, Maria sued BFCU for a declaratory judgment and requested a temporary injunction to prevent the foreclosure. The trial

court denied the temporary injunction, and Maria filed an interlocutory appeal challenging the trial court's order. Maria relied on the judgment she obtained against Mario as evidence that the 2003 deed was not an absolute conveyance. *See Galindo v. Border Fed. Credit Union*, No. 04-08-00676-CV, 2009 WL 700836, at *2 (Tex. App.—San Antonio March 18, 2009, no pet.). This court affirmed the trial court's order, noting that BFCU was not a party to Maria's suit against Mario and was not in privity with Mario; therefore, BFCU was not bound by the prior judgment. *Id.* In addition, this court noted that the record contained evidence to support the trial court's finding that the deed from Maria to Mario was intended to be an absolute conveyance of the property. *Id.* at *2-3. Finally, this court noted that Maria lost her homestead right in the property when she conveyed it to Mario. *Id.* at *3.

BFCU subsequently filed a motion for summary judgment asserting both traditional and no evidence grounds, and the trial court granted the motion without specifying the grounds for the judgment. Maria timely filed the instant appeal.

### STANDARD OF REVIEW

As previously noted, the trial court's order does not specify the grounds for its summary judgment; therefore, "we must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious." *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). We review a summary judgment *de novo*. *Id.* at 215. In reviewing the granting of a traditional summary judgment, we consider all the evidence in the light most favorable to the respondent, indulging all reasonable inferences in favor of the respondent, and determine whether the movant proved that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

## HOMESTEAD RIGHT

Although Maria presented evidence that the property was her homestead prior to 2003, property can lose its designation as a homestead by alienation. *Majeski v. Estate of Majeski*, 163 S.W.3d 102, 107 (Tex. App.—Austin 2005, no pet.); *Wilcox v. Marriott*, 103 S.W.3d 469, 472 (Tex. App.—San Antonio 2003, pet. denied). In this case, the summary judgment evidence includes the deed executed by Maria in 2003 conveying the property to Mario; however, Maria asserts that the deed was not intended to serve as a conveyance, but as a security agreement.

"The question of whether an instrument written as a deed is actually a deed or is in fact a mortgage is a question of fact." *Johnson v. Cherry*, 726 S.W.2d 4, 6 (Tex. 1987). "The true nature of the instrument is resolved by ascertaining the intent of the parties as disclosed by the contract or attending circumstances or both." *Id*. "Even when the instrument appears on its face to be a deed absolute, parol evidence is admissible to show that the parties actually intended the instrument as a mortgage." *Id*. A debtor/creditor relationship is necessary in every mortgage. *Id*. at 7. "When there is a fact finding that the parties intended the transaction to be a loan, and that finding is supported by probative evidence, the law will impute the existence of a debt." *Id*. at 6.

In this appeal, Maria again seeks to rely on the judgment she obtained against Mario which states the deed was not intended to convey title. This court, however, has previously held that Maria's judgment against Mario is not binding on BFCU because BFCU was not a party to that lawsuit and was not in privity with Mario.[1] *See Galindo*, 2009 WL 700836, at *2.

---

[1] In reaching our holding, we explained, "The summary judgment arose from a lawsuit between Maria and Mario; BFCU was not a party to that suit. Thus, in order for the summary judgment to have a binding effect on BFCU, Maria was required to establish that Mario and BFCU were in privity. *See Benson v. Wanda Petroleum Co.*, 468 S.W.2d 361, 363 (Tex. 1971). Maria failed to do so. Privity is not established by the mere fact that persons happen to be interested in the same question or in proving the same set of facts. *Id*. Instead, 'privity connotes those who are in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right.' *Id*." *Galindo*, 2009 WL 700836, at *2.

Maria also seeks to rely on: (1) a 2005 tax certificate which reflected that Arturo was the owner of the property; and (2) her continued possession of the property after the 2003 deed was executed. Maria appears to contend that this evidence at least raised a genuine issue of material fact with regard to whether the deed was intended as a mortgage. Case law does support Maria's argument that retention of possession after the execution of a deed is a circumstance indicating that the deed was intended to evidence a mortgage, at least as between the parties to that transaction. *Napper v. Johnson*, 464 S.W.2d 496, 498 (Tex. Civ. App.—Waco 1971, writ ref'd n.r.e.); *Wood v. De Winter*, 280 S.W. 303, 306 (Tex. Civ. App.—Fort Worth 1926, no writ). However, the Texas Supreme Court has clearly stated that a debtor/creditor relationship is necessary to every mortgage. *Johnson*, 726 S.W.2d 7 (noting "debtor/creditor relationship [is] necessary to every mortgage").

Although a debtor/creditor relationship can be imputed from a finding that the transaction in question was intended as a loan, the record in this case contains no evidence that the transaction between Maria and Mario was intended as a loan from Mario to Maria with the deed serving as a mortgage to secure such a loan. Instead, the summary judgment evidence conclusively established that Maria executed the deed to enable Mario to obtain a loan from a third-party lender. While Maria may not have understood the significance of the deed, her testimony clearly establishes that the deed was not executed in connection with a loan from Mario to Maria. Instead, Maria testified that Mario requested the use of her property as collateral for a loan from a bank. Maria further testified that Mario needed Maria to give him the papers on the house in order for him to get the loan. Because the evidence conclusively established that no debtor/creditor relationship existed between Mario and Maria, which is necessary to every mortgage, the record conclusively established that the 2003 deed could not have been intended as

a mortgage as a matter of law. *Id*. at 6-7. Accordingly, Maria lost her homestead right in the property by conveying it to Mario.

## VALIDITY OF HOME EQUITY LIEN

In her second issue, Maria challenges the granting of the summary judgment on the basis that BFCU failed to satisfy all the necessary requirements relating to a home equity loan.

Standing is a component of subject matter jurisdiction and involves the court's power to hear a case. *In re Guardianship of C.E.M.-K.*, 341 S.W.3d 68, 76 (Tex. App.—San Antonio 2011, pet. denied); *EMC Mortg. Corp. v. Window Box Ass'n, Inc.*, 264 S.W.3d 331, 334 (Tex. App.—Waco 2008, no pet.). "The issue of identifying who properly has standing to contest a foreclosure sale in Texas is well settled." *Goswami v. Metropolitan Sav. & Loan Ass'n*, 751 S.W.2d 487, 489 (Tex. 1988). "As a general rule only the mortgagor or a party who is in privity with the mortgagor has standing to contest the validity of a foreclosure sale pursuant to the mortgagor's deed of trust." *Id.*; *see also EMC Mortg. Corp.*, 264 S.W.3d at 335. When a third party has a legal or equitable property interest that will be affected by such a sale, however, that third party has standing to challenge the sale to the extent its rights will be affected by the sale. *Goswami*, 751 S.W.2d at 489; *EMC Mortg. Corp.*, 264 S.W.3d at 335; *see also Florey v. Estate of McConnell*, 212 S.W.3d 439, 444 (Tex. App.—Austin 2006, pet. denied) (a contention that a deed of trust "is void under homestead law may be asserted by anyone whose rights are affected by the instrument").

Because we have held that the evidence conclusively established that Maria conveyed the property to Mario, Maria has no interest in the property that could be affected by the foreclosure

sale.   Accordingly, Maria has no standing to challenge the validity of BFCU's lien or its foreclosure of that lien.[2]

## CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice

---

[2]Although Maria relies heavily on two bankruptcy court opinions in arguing this issue, neither case is factually similar.  In *In re Cadengo*, 370 B.R. 681, 686 (Bankr. S.D. Tex. 2007), a divorce decree granted two minor children an equitable right to property and the right to force their parents to execute a warranty deed to evidence their legal title when they turned 18 years old.  At the time of the deed/mortgage transaction in question, one of the minor children had turned 18, and the court expressly noted that she had never conveyed her interest in the property.  *Id*. at 686-87, 694.  In the other case, a home equity loan was held to be void because the property was owned by and was the homestead of a husband and wife, but the wife never signed the loan documents.  *Gulley v. Countrywide Home Loans, Inc.*, 436 B.R. 878, 895 (Bankr. N.D. Tex. 2010).